THIS was a bill filed by tifitt, and Mc-Clelland, against Story, to foreclose ¿ mortgage upon a house and lot in the town of Millersburg. and to subject the same to salé. They allege that the mortgage was given to indemnify them as' securities of Story in several notes to Asa F. Beed, amounting to eight hundred and seventy.fi ve dollars, bping the purchase money agreed to be given by Story to Reed, for the lot; that Story failed to pay the debt, or any part of it, and that the complainant, Hitt, fiad discharged the debt, and taken up the notes. They exhibit the mortgage and the notes, with assignments thereon from Reed to Hitt, and they pray that the house arid lot may be subjected to sale, in satisfaction of the amount paid by Hitt.
Story answered, and admitted the allegations of the hill to be true, and consented to the sale of the house and lot. At a subsequent term, John A- Holliday was, on his motion, admitted a defendant, and had leave tó file a cross bill. In the answer filed by Holliday, he admits the mortgage, but denies that Hitt had discharged the debt due from Story to Reed, and insists, if he bad done so, that Story had repaid it to him ; but he asserts no right in himself to the lot, and discloses no facts upon which any such right could bo founded. In his cross bill he alleges that Story being indebted to him, he brought suit, and recovered judg-i ment and execution, iti virtue of which he caused the house and lot in controversy to he seized and sold by the sheriff, and that he became the purchaser,'at the price of S416 64 cents; and he charges that Hitt paid-* less than the amount of the notes to Reed,' and that Story has repaid to Hitt the whole amount that he had, advanced ; but that they had fraudulently agreed that the mortgage should be held over the lot, foV the.purpose of defeating the claims of the other creditors of Story ; and as evidence of the fact, that Story had re-' paid to Hitt what he had advanced, Holliday exhibit's a written statement of a settlement between Story and *334 Hitt, and a receipt in full thereto annexed. He makes Hitt and Story defendants to the bill, and prays that the relative validity of his and Hitt’s claims may be decided, and the possession of the house and lot decreed to him, and for general relief.
bill against the morigagorand mortgagee, the mortgagedproperty by paying . íuaiiy^ae on tive, mortgage. Any judg- _ meat creditor has a right to file a Kill uorainct
Hitt, in his answer to the cross bill, admits the recovery of the judgment by Holliday against Story, and that in virtue of an execution on the judgment the lot was sold, and that Holliday became the pur. chaser ; hut he controverts the right to sell the lot un. der the execution. He alleges that the settlement and receipt exhibited by Holliday related to other accounts, due from Story, and not to the debt secured by the mortgage. He admits that he was allowed a discount of fifty dollars, in the payment of the debt to Reed, on account of his having paid it before it became due; but he unequivocally denies that any part of the amount paid by him had been refunded by Story, or that he holds the mortgage over the lot for the purpose of defeating the other creditors of Story of their debts, or for any other purpose than for his own indemnity.
Story, in his answer, refers to that of Hitt, admits its statements to be true, and makes it his own.
The original and cross bills were heard together, and the circuit court decreed the original bill to be dismissed, absolutely and with costs, except as to Story, and dismissed the cross bill without costs and without prejudice. To that decree the complainants in the original bill have prosecuted this writ of error.
2. Before we proceedto examine the merits of the case, it is proper to remark, that we do not conceive that Holliday was rightfully admitted a defendant to the original bill. He was not a necessary party, and id answer whicli he filet! he exhibits no interest in the subject of the suit, which could entitle him to be heard in opposition to the relief which was sought by the jjjjj The only way in which he could make himself a party to the controversy, was by filing his cross bill, This he had, unquestionably, a right to do, not as a -purchaser under the execution; for the equity of.re. demption Was not then subject to be sold under execution, and he could have gained no right by the pur. chase; abut as a creditor by judgment and execution, ho had a right, as every other creditor in the same pituatiesi would have, to come into a court of equity to r¿'b *335 redeem the mortgaged premises, upon paying what was really due of the debt secured by the mortgage ; and, of course, lie has a right to show that there is less due on the mortgage than was claimed by Hitt in the original bill. But in considering whether he ha3 done this or not, we ought to disregard his answer* improperly obtruded into the original cause, and her must be treated as occupying the attitude of complainant only, and Hitt and Story as defendants.
With these preliminary remarks, we will proceed to examine the main question presented in the case, and that is, whether Story has repaid to Hitt the amount which the latter advanced for him to Reed.
In support of the affirmative of this question, Holliday relies on the written statement of a settlement between Hitt and Story, with the receipt thereto sub. joined, exhibited in his cross bill, and upon the deposi. tion of a witness who swears that he was present at the settlement, and that the, mortgage from Story to Hitt and others was included in the settlement.
The credit of the witness is assailed on the score of his habit of intemperance, his mental debility if not derangement, his want of feeling for his own character, and his general disregard of truth, as well as on the ground of an impropriety in the manner of taking his deposition, and of some circumstances conducing to show an undue bias of the witness in favor of Holliday. ' An attempt, on the other hand, is made to support the credit of the witness ; but the weight of the evidence, we think, decisively shows that he is not entitled to be believed. Disregarding his testimony, therefore, the question must turn exclusively on the effect of the settlement and receipt before alluded to. They are in the following words:
“S. S. Story to Jacky S, Hitt Dr. To one black mare, one hundred dollars; to balance on settlement, four hundred dollars $ sum total, five hundred dollars, up to the 5th of January 18 l9.
“ Received the above in full, by note of Richard Day, five hundred dollars. J. S. Hitt.”
3. From the generality of the expressions used in this paper, it is certainly to be implied, that there remained, at its date, nothing due from Story to Hitt, which was not embraced by it: and, of course, the presumption is, that the amount which had been previous *336 ly paid by Hitt to Reed, for Story, was included ift se^emenk ®ut that presumption may, no doubt, be repelled by other evidence. A paper of this sort is not, in this respect, like a general release of all demands. A release operates per se and by its own intrinsic force, and evidence aliunde is therefore inad^'ssible (o repel or destroy its legal effect, or to show that it was intended to be more particular and limited in its operation than bs language imports ; but such a PaPer as the one in question here, has no operation per se' and is merely ev idence of the fact embraced by the generality of its expressions ; and, most indisputably,that evidence may be rebutted by other evidence, ^hat evidence should be deemed sufficient for that par-pose, is a distinct question, and must depend upon the circumstances of each case. The only countervailing evidence in this case, is the circumstance that Hitt sf ill holds the notes upon Story and the mortgage, is, however, a very strong circumstance ; for it is extraordinary indeed, that a debt evidenced by notes and secured by mortgage, should be settled without either the notes-or mortgage being taken up; and it ¡s still more extraordinary, that a written statement of the settlement should be made, without mentioning eitiier the notes or the mortgage. It is much more rational to suppose that the settlement was, as Hitt and Story allege, of other accounts between them, is the more probable too, as the settlement was between Hitt and Story only, when there were others who were concerned with Hitt in tiie mortgage, and held, jointly with him, the legal title under it. But supposing the evidence in relation to the point under consideration to be doubtful, it would not be sufficient for Holliday’s purpose; for we must recollect that he stands in the attitude of a complainant, and Hitt and Story in that of defendants, and they expressly and positively deny the fact lo be as Holliday asserts it.. To justify a decree, therefore, predicated upon the repayment by Story, of the money Hitt had advanced for him to Reed, there should be a decisive preponderance of evidence in support of the fact; and, most certainly, the evidence cannot be deemed to be of that de. cisive character. The complainants, therefore, in the original bill, were, we think, entitled to the relief they *337 fought; and consequently, the decree dismissing their bill was erroneous.
A release operates, per own intrinsic force and evidence aliadmissible'" to repel or destroy its effect, or to w¿''intend-14 ed to be more particular tion ^harTits language ports.
But a receipt fact^and any generality oi expression it0Imayebein restrained by other was intended to be less ex tensive in its tba?íbe* words import.
*337 We are also of opinion that Holliday’s cross bill was improperly dismissed. Holliday having a right, as a judgment and execution creditor, to redeem the mortgaged premises, upon the payment of what is due to Hitt, his bill ought to be retained, and when the house and lot are sold, the proceeds of the sale should be first applied to the satisfaction of the amount paid by Hitt to Reed for Story, and the costs of suit, and the residue, if any, should be applied to the judgment of Holliday.
The decree dismissing the original and cross bills must be reversed with costs, and the cause be remanded, for a decree to be entered agreeably to the foregoing opinion, and such further decrees and orders as may be consistent with equity. Holliday to pay the costs of this writ of error.