Chief Justice Robertson
delivered the Opinion of the Court.
The principal question in this case, is whether there is sufficient proof of fraud or mistake in the execution of the note on which the judgment that has been enjoined ' was rendered.
The depositions satisfactorily prove, that the parol contract was understood and intended by the obligors, to be for Kthe currency of the country,” or unotes of the Bank of the Commonwealth,” and that the obligee, whatever he intended, authorized that opinion by his conduct and declarations. Consequently, even if he supposed that .such a contract would entitle him to the exaction of the nominal amount in specie, the complainants (now defendants in error) are entitled to relief if there was either mistake or fraud in the execution of the note. But if they *2 fully understood the legal import of the note when they signed it, and were not circumvented by the obligee, they can have no equitable claim to relief; for, the written memorial being the best evidence of the contract, parol testimony, inconsistent with the import of the writing, would be inadmissible, unless there be proof of fraud or mistake in executing the note.
A complainant alleges that he signed a note without reading it or hearing it read — believing it to be in conformity to the verbal agreement to pay in paper; the answer is silent as to this allegation : hill taken pro confesso, and relief decreed.
A note is given, by mistake for specie, on a contract to pay in depreciated paper; when the note is due, the paper is tendered, and refused; the obligor obtains relief in equity; but in the mean time, the paper has risen to par: he is entitled to relief to the amount of the difference between the paper and specie at thelime the note became due.— Without the tender, the decree would have been for specific execution of the actual contract.
Where one sues at law, contrary to equity, and ‘ho defcnd't obtains relief in chancery---the costs at law are to be enjoined.
*2 The bill alleges, among other things, that the note was signed without being read to or by the obligors or either of them; and to that allegation there is no response in the answer. As the fact thus alleged, should be presumed to be within the knofsdedge of the obligee, his failure to answer the allegation must be deemed a confession of the fact. Hence, as the proof clearly shows, that the parol contract was understood to be for the currency of the country, or notes of the Bank of the Commonwealth, and, as the note was not read before it was signed, the reasonable deduction is, that the obligors supposed that it was drawn conformably with the parol understanding, and were, therefore, mistaken as to its actual tenor and: effect.
Wherefore, it is the opinion of this court, that the Circuit Court did not err in deciding that the defendants in error were entitled to some relief.
But the record will not sustain the decree as rendered.
As notes of the Bank of the Commonwealth were tendered “about the time when the note became due,” the defendants in error may be entitled to exoneration from so much of the judgment for specie as exceeds the value of the Commonwealth’s notes when the obligation became due and payable. Had there been no tender and refusal, a specific execution of the true contract would have been the only proper relief,'and such relief, at this' day, would be but nominal.
But neither the note nor the judgment is exhibited in the record; nor is there any other evidence tending to show, that the Circuit Judge was authorized to fix (as he did) the value of the Commonwealth’s paper on the 8th of November, 1832. In this respect, therefore, the decree seems to be erroneous.
Where one coobligor goes into chancery to resist the payment of a judgment on the obligation— the other is a proper party.
In another particular, also, there is error: that is, in not decreeing damages on the partial dissolution of the injunction.
But there is no error in perpetuating the injunction to the judgment for costs hr the action at law; because, as, according to the proof, it was the duty of the plaintiff in error to accept notes of the Bank of the Commonwealth in discharge of the obligation, and as such notes were tendered to him, it is evident that he ought not to have sued for specie, and that he is not equitably entitled to the cost of a suit which was improperly and vexatiously prosecuted.
We are of the opinion, also, that Givens, a co-obligor, would be a proper party to this suit.
Wherefore, it is decreed and ordered, that the decree of the Circuit Court be reversed, and the cause remanded to that court for further proceedings consistent with the loregoing opinion.