JUDGE HINES
delivered the opinion oe the court.
Appellant, January 1,1877, entered into a contract, in writing, with the Southern Mutual Life Insurance Company, by which he undertook, for the consideration therein expressed, to act as agent for the company. Among the stipulations in the contract are the following:
“All the above-mentioned commissions shall continue so long as the said agent shall continue to collect them under this agreement, unless otherwise agreed.
“On or before the last days of each month, and at such other times as may be specially directed by the company, said second party shall forward to said company at its office, in Louisville, Ky., a correct statement of all moneys received on account of the company by him after deducting the amount due for services under this agreement and authorized expenditures with receipts or vouchers therefor; also a list of all policies and renewals on hand and past due, which he shall return to the company or to its order on demand, and shall [at the same time remit the balance due said company by draft, or otherwise, as directed, and shall not use or appropriate any funds collected for the company for any purpose not authorized by the company, and shall in all respects comply with the laws, rules, and regulations which are now in force or may hereafter be adopted by said company for the government of its agents, and this contract may be terminated at the pleasure of either party thereto.”
After the removal of appellant as agent this suit was instituted, charging a breach of the contract by the failure to pay over collections to the amount of $1,045.63.
*200 The answer sets up, as a defense to the action, a parol agreement, made with the company at the time of the execution of the written agreement, by which appellant was to have, in case of removal, commissions on the renewal premiums on business obtained by him, for at least three years from the date of removal. These commissions, it is charged, would have amounted to $2,487.51, and this he pleads as a counterclaim. It is also alleged that by a general custom, among insurance companies, he is entitled to these commissions, and that the contract was entered into with reference to this custom.
To this answer the court sustained, a demurrer, and the appellant tendered an amended answer, to the filing of which objection was made and sustained.
This amended answer sets up substantially the same matters contained in the answer, but somewhat more specifically. It charges that the parol contract referred to was made with the general agent on the day of , 1876, and that it was the main inducement^ the execution of the written agreement, dated January 1, 1877. Both the answer and the amended answer state that appellant, at the time of the execution of the contract sued on, was acting as agent of the company under a written agreement made in 1874, and that previous thereto he was acting under a written agreement made in 1873, but that the agreement of 1873 was annulled by that of 1874, and that of 1874 by the one sued on.
On the refusal to permit the amended answer to be filed, judgment was rendered against appellant for the amount claimed in the petition, from which judgment this appeal is prosecuted.
For the appellant it is contended that the court erred:
1. In sustaining the demurrer to the answer.
2. In refusing to allow the amended answer to be filed.
3. In failing to sustain the demurrer to the petition.
Reversing the order in which the errors are assigned, the *201 first inquiry is as to the sufficiency of the petition. It is objected that it does not show a demand on appellant before suit brought, nor any direction to him as to the manner of remitting the moneys collected by him.
On the termination of the agency it became appellant’s duty to pay over the funds in his hands without waiting for a demand, but whether that be true is immaterial, because in the writing containing the terms of the contract, and set up in the petition the appellant expressly stipulates that on or before the last day of each month he will remit “the balance due said company by draft, or otherwise, as directed.” This implies an absolute undertaking to remit at that time by draft unless otherwise directed. The law sometimes implies an agreement to make demand before suit, as in the case of a claim against an attorney for money collected by him. In such cases a demand is necessary, but not where there is an agreement to pay over by a time certain. (Wharton on Agency, secs. 303-304.)
The first and second assignment of errors may as well be considered together. They present in fact but one question, and that is, whether the parol contract exists and can be established by implication from custom or by evidence of the express stipulations of the parties.
Usage becomes a part of a contract only when the presumption arises from all the circumstances surrounding the parties, that they so intended. If they expressly or by necessary implication exclude it, evidence of its existence is not admissible. When, for instance, the subject - matter in reference to which the usage is intended to speak has been treated of in the main contract, the evidence will be rejected. Beside, usage that is unreasonable does not become a part of the contract, for it is not to be presumed that the parties intended to do an unreasonable thing. In this case we think it could in no way affect the written agreement. (2 Parsons on Contracts, 546.)
*202 The second section of the writing, after specifying the commissions that appellant was to receive, declares that they shall be “ as compensation in full for any and all services under this agreement.”’ As the custom is offered to show that appellant was to receive additional commissions under this contract, or at least by virtue of its execution and of services performed under it, it appears to be in direct conflict with the express stipulations of the writing. In addition to this, the custom does not appear to be reasonable. We would scarcely suppose that such power over the funds of the company would be left, for a period of three years after the termination of the agency, in the hands of one who, at the time, would not be under bond. Agents are not employed or retained, as appears here, without the execution of bond to the company, and it is not reasonable to infer that a stranger to the company would be allowed greater privileges.
There is a difference between the answer and the amended answer that has not been mentioned. The answer alleges that the parol agreement was entered into at the time of the execution of the written contract, while the amended answer locates it before that time.
The parties here deliberately put their agreement into writing, leaving no uncertainty as to its object or extent, from which “ it is conclusively presumed that the whole engagement and the extent and manner of their undertaking” was embraced therein. (1 Greenleaf, sec. 275.)
As there is no pretense of fraud or mistake in the written agreement, we are of the opinion that it is within the rule that excludes extrinsic evidence of the intention of the parties. If this were not true, parol evidence would be admissible to alter the terms of a contract that purports to be absolute, so as to render it, in reality, conditional. This can not be done. (Wight v. Shelby Eailroad Co., 16 B. Mon. 6.)
In McKegney v. Widekind, 6 Bush, 109, action was insti *203 tuted on a note for $170, payable in sixty days, and expressed to be in consideration of a mule. The answer alleged that at the time of its execution the payee verbally agreed to furnish the defendant five hundred bushels of corn at the price of fifty cents per bushel, and that this agreement was the main inducement to the purchase of the mule and the execution of the note. The evidence was held incompetent.
Counsel for appellant cite Paine v. Woodward, 6 Pick. 206. The defendant sold the plaintiff a grocery-store for a sum of money stated in the deed, and agreed verbally not to carry on the same kind of business within a certain distance, and it was held to be a sufficient consideration for this agreement, that the plaintiff was thereby induced to make the purchase. This case was decided in 1828. On closer examination we find that it has of late years been entirely disregarded in Massachusetts.
Wilson v. Shelburne, 6 Cushing, 68, decided in 1850, is stated thus in the syllabus: “When the consideration of a promissory note consisted in part of the price of a fish-stand which had been paid and indorsed, and in part of an agreement on the part of the payee not to engage in the fish business for a year, in competition with the promisor, and the terms and conditions of the sale were evidenced by a contract in writing, which contained nothing relative to the goodwill of the business, it was held, in an action on the note between the original parties, that the promisor could not prove in his defense that at the time of the sale a verbal contract was made between the parties that the payee would not engage in the fish business for a year, and that this agreement had been violated.”
Doyle v. Dixon, 12 Allen, 576, decided in 1866, is a case where there was a sale of a stock of goods and a renting of the store for five years, and a verbal agreement at the same time, and upon the same consideration, that the seller would *204 not engage in the same business for a given period of time. The parol evidence was held inadmissible.
It is said by the court, “ The evidence offered can be considered in no other light than as an attempt to graft upon the written instrument an additional and oral stipulation founded upon the same consideration and entered into at the same time with the written contract between the parties.”
Kimball v. Bradford, 9 Gray, 243; Clark v. Houghton, 12 Gray, 38; Hokes v. Hotchkiss, 23 Vt. 232; are also directly in point in support of the view taken of this case by the court below.
When the parol contract is made prior to the written, it is presumed to have been absorbed in the more deliberately-executed written contract. There may be a subsequent parol modification or alteration of or substitution for the written contract, but where, as in this case, the two contracts are entered into at the same time, both made with reference to the same subject-matter and founded upon the same consideration, evidence of the parol contract is not admissible to contradict, add to, or to vary the written stipulations.
Perceiving no error in the rulings of the court below, the judgment is affirmed.