### G. W. HOOSER'S ADM'R *v.* BELLE R. HOOSER.

**Proof and Pleadings.**
> The court cannot grant relief on proof furnished without pleadings filed as a basis for such proof.

**Presumption as to Contract.**
> A written contract is conclusively presumed to contain all the agreement between the parties unless it is specifically alleged and proved that by mistake or fraud the writing does not embrace the contract as entered into between the parties.

#### APPEAL FROM TODD CIRCUIT COURT.

February 14, 1879.

OPINION BY JUDGE HINES:

There is not a sufficient allegation of fraud in the execution of the note sued on to authorize the introduction of evidence or to raise an issue as to whether the writing contains the contract actually entered into between appellee and G. W. Hooser, deceased. It is not charged

that by reason of the fraud of appellee the writing does not state the facts pertaining to the contract truly. Whatever the inducement to its execution may have been it is conclusively presumed to contain all the agreement between the parties, unless it is specifically alleged and proved that by mistake or fraud the writing does not embrace the contract as entered into between the parties. *Higgins v. Conner,* 3 Dana 1; *Turpin's Adm'rs v. Marksberry,* 3 J. J. Marsh. 622; *Dale v. Pope,* 4 Litt. 166; *Castleman v. Southern Mut. Life Ins. Co.,* 14 Bush 197. Nor does it avail that evidence was heard without objection as to the oral agreement. It has no bearing upon any issue made in the pleadings. The court can no more grant relief on proof without pleadings than on pleadings without proof.

The subsequent parol agreement, if not unenforcible because of the statute of frauds and because of the disability of appellee to contract, she being a feme covert, presents no defense because there is no tender of a conveyance or sufficient offer to comply with the agreement on the part of appellant. The pleadings do not present a case for specific performance. Nor is it necessary in such cases to plead the statute. *Smith v. Fah,* 15 B. Mon. 443; *Hocker v. Gentry,* 3 Met. 463.

The surrender by appellee of the note on Daniel Hooser and his release from liability to her is a sufficient consideration of itself to support the agreement of G. W. Hooser to pay as stipulated in the note sued on.

After a careful examination of the evidence as applicable to the issues raised by the pleadings, and after a full consideration of the questions presented in the briefs of counsel, we are of the opinion that the judgment of the court below is correct, and it is therefore *affirmed.*

*W. L. Reeves, H. Y. Petree, for appellant.*
*William Lindsay, for appellee.*