Case 45.—ACTION BY DEE LANHAM AGAINST THE LOUIS-
VILLE & NASHVILE R. R. CO. FOR DAMAGES FOR PER-
SONAL INJURIES.—April 25.

## Lanham v. Louisville &ːNashville R. R. Co.

Appeal from Marion Circuit Court.

CHAS. PATTESON, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Railroads—Injury to Employe—Compromise—Writing—Avoidance
—Parol Evidence to Vary Writing—Fraud or Mistake.

1. Railroads—Injury to Employe—Compromise—Writing—Avoid-
ance—Where an employe of a railroad company was injured
by falling from a hand car while in such employment, and by
a compromise with said company in writing agreed, in satis-
faction of his claim for damages, to accept $100 in money
and the payment of his physician's bill for treating him for
his injuries, he can not, in an action thereafter brought, re-
cover damages for such injuries, where such writing is relied
on as a defense, in the absence of an allegation of fraud or
mistake in the execution of such writing.

2. Parol Evidence to Vary Writing—Fraud or Mistake—Where a
writing purports to be a compromise and settlement of a
claim for damages, the presumption is that all matters per-
taining thereto are embraced therein, and parol evidence is
not admissible to vary its terms in the absence of a charge
of fraud or mistake in its execution.

EMMET PURYEAR for appellant.

ROBT. HARDING and H. P. COOPER of counsel.

1. In this action for damages the defendant relied upon a receipt, which it produced to the plaintiff while on the stand, for $100.00, and purported to be a settlement in full for the injury received, which was admitted by the court over plaintiff's objection. No one proved it was signed by John McChord or plaintiff, or any one else, or that plaintiff made his mark to it, and we insist that its admission as evidence was clearly error.

2. This paper is not a contract, it does not purport to be a contract. It is a receipt, which a more intelligent man than plaintiff might not hesitate to sign under the circumstances.

3. It is claimed that the petition is defective because it failed to allege that plaintiff could not procure other medical treatment, and thereby prevent or lessen his sufferings. We submit that this was not proper to be pleaded by the plaintiff; that the petition states the contract, its breach and consequent damage, which is sufficient.

4. We submit that the peremptory instruction given by the court to the jury to find for the defendant was error.

BENJAMIN D. WARFIELD for appellee.

POINTS AND AUTHORITIES DISCUSSED.

1. The petition was defective in failing to allege that the appellant attempted to get other medical attention, but was unable to do so, and the trial court erred in overruling appellee's demurrer to the petition. (John C. Lewis Co. v. Scott, 95 Ky., 484; Illinois Central R. R. Co. v. Gheen, 112 Ky., 695; Cain, By, etc. v. L. & N. R. R. Co., ——, decided January 27, 1905, 84 S. W., 584.)

2. There is no averment that the contract which appellant executed to appellee was obtained by fraud, accident, mistake or duress. Therefore, cotemporaneous parol testimony can not be heard to vary the terms of the written contract entered into between the parties. (Castleman v. Southern Mutual Life Ins. Co., 14 Bush, 197; Farmer v. Gregory & Stagg, 78 Ky., 475; Crane, &c., v. Williamson, &c., 111 Ky., 276; Pierson v. Hooker, 3 Johns, 68; 2d Parsons on Contract, 9th Ed., 715; Kirchner v. New Home Sewing Machine Co., 31 N. E., 1104; Harmon v. Thompson, 84 S. W., 569, 27 Ky. Law Rep., 781, decided January 25, 1905.)

4. There being no allegation of fraud, accident, mistake or duress, the construction of the contract was a question of law for the court, and there was no error in the court's deciding this question, as it in effect did do in giving to the jury a peremptory instruction to find for the appellee. (Colston v. Chenault, 20 Ky. Law Rep., 226.)

Lanham v. Louisville & Nashville R. R. Co.

5. If there were no other reason why the peremptory instruction was properly given it was proper to give it because the petition stated no cause of action, the court's attention on the motion for the peremptory instruction having been called to the condition of the pleadings. (L. & N. R. Co. v. Copas, 95 Ky., 460; L. & N. R. Co. v. Schweitzer's Adm'r, 14 Ky. Law Rep., 855; White, Jr.'s, Adm'r v. L. & N. R. Co., 15 Ky. Law Rep., 49; Gore v. I. C. R. Co., 17 Ky. Law Rep., 799; L. & N. R. Co. v. Mayfield, 18 Ky. Law Rep., 224; I. C. R. Co. v. Nall, 21 Ky. Law Rep., 281; Brooks v. L. & N. R. Co., 24 Ky. Law Rep., 1318.)

OPINION BY JUDGE SETTLE—Affirming.

Appellant sued appellee in the Marion Circuit Court to recover damages for the alleged breach of a contract claimed to have been made between them, whereby appellee agreed to furnish him medical or surgical treatment and attention until he recovered from certain injuries received in its service and upon its railroad. It was, in substance, alleged in the petition that appellant's leg was broken and his person otherwise injured by the negligence of appellee, for which he had and held a claim for damages against it, in compromise and settlement of which appellee agreed to pay him $100, to furnish him medical attention and treatment for his injuries "until the same should be and become well, and to repair said injuries;" that appellee did pay him the $100, and began and furnished him medical attention for several months, but before his injuries were well, and while they still needed attention, appellee's physician ceased to treat him, and refused to further do so, which was a violation of the contract, prevented his cure, and caused him physical pain and damage in the sum of $2,000, for which amount judgment was prayed. The answer of appellee denied that appellant's injuries were caused by its negligence, but admitted the compromise of his claim for damages, and the payment of $100 in settlement thereof. The answer denied, however, that appellee, in or by the compromise and

vol. 120—23

settlement with appellant, agreed to furnish him med-
ical attention or treatment for his injuries, or until
such injuries should be or become well, or that before
his injuries were well, or while they still needed at-
tention, its physician ceased or refused to further
treat his injuries, or that it thereby or otherwise vio-
lated its contract with him, prevented his cure, or
caused him physical pain or damage in the sum
claimed, or in any other amount.   Following the
specific denials mentioned, the averments were made
in the answer that the only terms of the compro-
mise and settlement between it and appellant were
the agreement on its part to pay him the $100, and
his agreement to accept that sum in full compromise
and settlement of his claim against it for the inju-
ries complained of, and that at the time of making
the compromise the entire agreement and contract
of the parties in reference thereto was reduced to
writing and signed by appellant, which writing ac-
knowledged the payment by appellee to appellant of
the $100 accepted by the latter in settlement of his
claim.   In the second paragraph of the answer it
was further averred that at the time of receiving
his injuries, appellant was taken charge of by a com-
petent physician and surgeon, who immediately placed
him in a well-equipped hospital, where he was
boarded, well nursed, and his injuries carefully
treated by the physician for several months, and until
the services of the physician were no longer needed,
when appellant voluntarily left the hospital and care
of the physician, and that, while appellee was in no
way liable for appellant's board, nursing, or the med-
ical attention furnished him, it paid therefor $400.
The reply contained a traverse of nearly all the af-
firmative matter of the answer, except that it failed
to sufficiently deny the execution of the writing evi-

dencing the compromise and settlement, but did deny that it contained all the agreement that formed the basis of the compromise, without, however, averring fraud, mistake, or duress in the writing or its execution. The case went to trial upon the issues thus presented by the pleadings, and upon the conclusion of appellant's evidence the court peremptorily instructed the jury to find for the appellee, and they returned a verdict as instructed.

It was insisted for appellant on his motion for a new trial in the lower court, and is now contended by his counsel, that the court erred in giving the peremptory instruction, and that for this alleged error the judgment appealed from should be reversed.

The writing relied on by appellee as showing the contract made with the appellant is as follows:

"Louisville and Nashville Railroad Company. To Dee Lanham, Dr. Alicetown, Ky. Aug. 17. Received of the Louisville and Nashville Railroad Company, One Hundred ($100.00) Dollars, in full compromise, settlement and adjustment of all claims and demands of every character whatever, which I have against the said company, its officers, agents, and employes, on account of injuries to my person and damage to and loss of property sustained by me at or near Woodbine, Ky., on or about the 2nd day of May, 1901, by falling off a hand car while employed as a laborer in extra gang No. 2, and on every other account whatever.

"Witness my hand at Lebanon, Ky., this August 17th, 1901.
his<br>"DEE x LANHAM.<br>mark.

"Witness: John McChord, R. E. Fleming."

The failure of appellant to deny the giving of the

foregoing writing is tantamount to an admission of its execution and existence, and his averment in the reply that it does not contain all the terms of the settlement of his claim against appellee can not avail in the absence of an averment of fraud or mistake in the contract, or in reducing its terms to writing, and no such averment appears in the appellant's pleadings. It is a fundamental rule of the law of contracts that where a contract, when made, is put in writing, or, if made in parol, is afterwards reduced to writing, the writing is presumed to contain the contract in its entirety, and it will be treated as evidencing the whole of the contract, unless it be attacked upon the ground of fraud, mistake, or duress. (Castleman v. Southern Mutual Life Ins. Co., 14 Bush, 197; Farmer v. Gregory & Stagg, 78 Ky., 475.) In view, therefore, of the writing executed by appellant at the time of the compromise and settlement with appellee, and the absence of an allegation of fraud or mistake in its terms or execution, we think it was incompetent for him to contradict, vary, or add to the writing by setting up another and parol agreement alleged to have been made with appellee before or at the same time, and that the evidence offered by him in support of such contract was incompetent and should have been excluded by the trial court.

It is, however, contended by counsel for appellant that the writing in question is a mere receipt for the $100 paid appellant by appellee upon his claim for damages, and was not intended to evidence the terms of the settlement, and consequently the presumption that it contains the entire agreement of the parties can not prevail, for which reason appellant was entitled to set up and prove the contract as claimed by him, without regard to the writing.

The language of the writing proves it to be more than a receipt. It is also a statement of appellant's claim for damages for injuries sustained, how and when they were received, and is, in addition, a formal release discharging appellee from all past, present, and future liability for injuries to appellant's person, and loss of, or damage to his property, or on any other account whatsoever, resulting from his falling off a hand car May 2, 1901. Regarding the inadmissibility of evidence to contradict the terms of the written contract, it is well settled that releases, deeds, and other written contracts are governed by the same rule. All preliminary negotiations are presumed to be merged in them, and from the time of their execution they must be deemed to be the only competent evidence of the agreement of the parties upon the subjects to which they relate, unless avoided for fraud, mistake, duress, or some like cause.

In 2 Parsons on Contracts (9th Ed.) p. 715, it is said: "But if a plaintiff is met by a general release under his seal to the defendant, he can not set up an exception by parol. And where the release is general, it can not be limited or qualified by extrinsic evidence, though a receipt may be. And a release or receipt in full throws the whole burden of proof on him who signed it, if he alleges that he signed it through mistake or fraud." (Kirchner v. New Home Sewing Machine Company (N. Y.), 31 N. E., 1104; Pierson v. Hooker, 3 Johns., 68, 3 Am. Dec., 467; Crane v. Williamson, 111 Ky., 276, 23 Ky. Law Rep., 689, 63 S. W., 610, 975; Harmon v. Thompson (Ky.), 84 S. W., 569, 27 Ky. Law Rep., 181.)

It is claimed for appellant that the fact that appellee paid $400 to the physician for medical attention given him sustains his contention that he was to be treated at appellee's expense until cured. If this were

admitted to be true, it would not, in the absence of
of an allegation of fraud or mistake in the writing,
render competent as evidence the fact asserted; nor,
upon the other hand, would its admission disprove
the averments of appellee's answer that its payment
of the physician's bill was a mere gratuity, extended
because appellant was in its service when injured.

As bearing on the question of whether appellant
was discharged from the hospital before he was healed
of his wounds, it is contended by appellee and ad-
mitted by appellant that he received treatment from
the hospital physician after leaving the hospital, and
this fact is argued as proving that he left the hos-
pital voluntarily; and the further fact that he did
not apply to another physician (Dr. Evans) for treat-
ment until three weeks after the hospital physician
ceased to treat him is also argued as showing that
he was well when the latter quit attending him.  The
cure of appellant at the hands of the appellee's phy-
sician is also argued from the fact that when treated
by the second physician it was for erysipelas in the
wounded leg, which disease he did not have until
appellee's physician quit treating him.  This disease,
Dr. Evans said, was caused by filth.  We deem it
unnecessary to discuss these matters of evidence, as
they were all incompetent, because of the absence
from appellant's pleading of any allegation of fraud
or mistake in the writing he executed to appellee.
The only contract between the parties was contained
in the writing.  That instrument does not manifest
the alleged understanding upon the part of appellee
to furnish appellant medical treatment until well of
his injuries or at all, and that undertaking was not
alleged to have been omitted from the writing by
fraud or mistake.  The only agreement between the
parties expressed therein being that appellant had

released appellee from all liability for his injuries in consideration of $100, the payment of which was acknowledged, the only proper thing for the trial court to do was to instruct the jury to find for appellee as was done.

Wherefore the judgment is affirmed.