## Levine v. Mitchell & Scott Co.

(Decided June 21, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division.)

1. Contracts—Stranger—Parol.—In an action to recover articles of personal property, or their value which it is alleged were consigned to an agent on written memorandum of sale, and that he, in violation of his authority, either pawned or sold to defendant, the defendant not being a party to the writing, may show by parol evidence that the contract of the parties is different from what it purports to be on the face of the writing.

2. Limitation—Action for Specific Recovery of Personal Property.—An action for the specific recovery of personal property is not barred until the expiration of five years after the cause of action accrues.

EDWARDS, OGDEN & PEAK for appellant.

JAMES R. DUFFIN, PAUL BLACKWOOD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellee James W. Clark, trading and doing business under the firm name of Mitchell & Scott Company, brought this action against appellant Nathan Levine to recover possession of certain diamonds, or, in case the specific articles were not to be had, their value. The trial of the case resulted in a verdict for appellee for the possession of the diamonds and fixed the value thereof at $550.00. From the judgment based thereon, this appeal is prosecuted.

It appears from the evidence that appellee had an agent or salesman in the city of Louisville to whom he consigned the rings in question, which are described and valued as follows:

One diamond ring No. 3243, diamond weights 1¾ ct., value, $275.00.

One diamond and opal cluster ring No. 9850, value, $48.00.

One diamond ring No. 6207, weighs 1⅞ L 1-32, value, $320.00.

One diamond ring No. 6195, weighs 1¼ and 1-32 ct., value, $220.00.

Upon receiving each one of these rings the agent signed the following agreement:

"This certifies that I have this day received of Mitchell & Scott Co. the following goods on memorandum and in good order for inspection and to be used as samples. They are to remain the property of Marquardt & Scott Co., and are to be returned to them upon demand and in as good order as when received. Sales will be made for cash only. Return this when you report.

"One diamond ring No. 6195. 1¼-1-32 ct., $220.00 net.

"Received from Mitchell & Scott Co. the above merchandise under conditions stated in good order."

The agent claims that he pawned the diamonds in question to appellant for the sum of $450.00. Appellant claims that the diamonds were sold to him. Appellee's manager admits that he had an oral agreement with the agent. The agent further claims that his arrangement with appellee was oral. The trial court excluded from the consideration of the jury all evidence of what this oral agreement was, on the ground that the written memorandum which the agent signed was the only authority under which he received the rings in question, and that in the absence of a showing that the oral agree-

ment, claimed by appellant to have been made by the agent with appellee, was made subsequent to the memorandum of sale given in each case, the terms of the agreement under which the diamond rings were received could not be varied by parol evidence. After excluding this evidence the court held that the agent had no authority, either to pledge the diamonds for his own debt, or to sell them for a less sum than that fixed in the memorandum of sale. He, therefore, directed the jury to award appellee possession of the property sued for, or, in case it could not be had, to return a verdict in his favor for the reasonable value thereof.

Appellant's chief complaint is of the action of the court in excluding all evidence of the oral agreement between appellee and his agent. It has long been the law in this State that the rule forbidding evidence contrary to the terms of a written instrument, applies only to the parties to the instrument. Strangers to the instrument are not concluded by its terms, or estopped to show by parol evidence that the contract of the parties is different from what it purports to be on the face of the writing. (Strader v. Lambeth, 7 B. Mon., 589; Providence Savings Life Assurance Society v. Johnson, 24 Ky. Law Rep., 1902; Marks & Stix v. Hardy's Adm'r, 117 Ky., 671.) It follows, then, that appellant, who was not a party to the written agreement between appellee and his agent, had a right to show by parol evidence that the terms and conditions upon which the agent received the diamonds in question differed from those set forth in the memorandum of sale, and that the court erred in excluding such testimony. With this testimony admitted, a different state of case may be presented. Of course, if Levine took the diamonds in pledge, appellee is entitled to recover.

As appellant obtained possession of the property within less than five years from the time suit was brought his plea of limitation is not available. (Section 2515, Ky. Statutes.)

Judgment reversed and cause remanded for proceedings consistent with this opinion.