## Gernhert, et al. v. Straeffer's Executor, et al.

(Decided December 15, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Number One).

1. Witnesses—Testimony of Persons Interested—Nature of Exclusion.—A party cannot testify in favor of a coparty where the interest of the coparties are joint and so connected that all must succeed or fail together.

2. Deeds—Parol Evidence Inadmissible to Contradict.—The language being certain and plain in both a deed and release executed in the settlement of an estate by the parties interested therein, and there being no allegation of fraud or mistake in the execution of either instrument, parol evidence is inadmissible to contradict, add to or vary the terms of the settlement as expressed in the deed and release considered together.

R. C. KINKEAD and BASKIN, DUFFIN, KINKEAD, SAPINSKY & DUFFIN for appellants.

J. MATT CHILTON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Fredrica Straeffer, the first wife of George Straeffer, Sr., died intestate, a resident of Louisville, in 1893, survived by her husband and six children, four daughters and two sons. Her husband qualified as administrator and deferred settling his accounts and the distribution of the estate until April, 1899, when the youngest daughter attained her majority.

The estate consisted of realty worth about $25,000.00, and personalty of a probable value of $5,000.00. At the time of the settlement of George Straeffer's Sr. accounts as administrator, a joint deed of partition of the various pieces of real estate left by Fredrica Straeffer was executed by him and the six children which conveyed to George Straeffer, Sr., the fee in the house and lot on Cherokee Drive known as No. 1508 New Broadway, and the six children executed to him a release in full of "any and all claims that each may have upon said George Straeffer for their respective shares of the estate of said Fredrica Straeffer, deceased."

Some years after this settlement was made, George Straeffer, Sr., married his second wife, Fannie B. Straeffer, and after living with her a number of years died leaving a will, and was survived by his wife and the

six children of his first wife. A short time before his death he sold the Cherokee Drive property for $6,000.00 cash. After his death this suit was brought against his executor by the four daughters of the first wife to recover from his estate the consideration received by him for the Cherokee Drive property, alleging that same was conveyed to him in consideration of his verbal promise to devise it to his children, or if he sold it during his lifetime, or did not make such a will, at his death they should receive from his estate the value of this property.

By answer the defendant, executor of George Straeffer's, Sr., will, denied the verbal agreement, in the second paragraph plead the partition deed as an estoppel, and in the third paragraph relied upon the written release executed to the decedent by the plaintiffs at the time the settlement was made of his account as administrator of Fredrica Straeffer as a bar. A demurrer was sustained to the second paragraph and the third paragraph was traversed.

The depositions of the four daughters who were plaintiffs below and are appellants here, and their two brothers, were taken to prove the verbal promise of George Straeffer, Sr., set up in the petition, and they each testify that such a promise was made by decedent in consideration of the conveyance to him of the fee in the Cherokee Drive property. This evidence also shows that by a subsequent contract between the father and sons, the sons were barred from asserting any claim against his estate, and therefore they do not join in this action, but the daughters claim the full benefit of the alleged verbal contract with reference to the Cherokee Drive property, although it does not appear by what right they could assert claim to the sons' beneficial interest in the verbal agreement even if that agreement were established as a valid contract.

The only other witness whose deposition was taken by the plaintiffs was Mrs. Margaret Grumme and her testimony is immaterial.

Exceptions were filed by the defendant to the depositions of the plaintiffs and their brothers upon the ground that each of said witnesses was estopped to deny the written release executed by them to the decedent in full of all claims against him, and that the four plaintiffs were incompetent, because testifying in their own behalf against the decedent. The chancellor sustained the ex-

ceptions, excluded the depositions of these witnesses and dismissed the petition.

As the excluded depositions contained all of the testimony even tending to sustain the verbal promise upon which appellants base their right of recovery, it is evident the judgment must be affirmed if the chancellor was not in error in sustaining the exceptions to these depositions, and having concluded the exceptions were properly sustained, it will not be necessary to discuss the several other questions argued by counsel in their briefs, although we are of the opinion that the alleged verbal promise is clearly within the statute of frauds. Brown on Statute of Frauds, section 152, page 173; Mather v. Scoles, 35 Ind. 1; Patterson v. Cunningham, 12 Me. 506, and Andrews v. Broughton, 78 Mo. App. 178.

There can be no question that the plaintiffs were incompetent to testify because they were testifying in their own behalf against the estate of their deceased father and this is expressly prohibited by subsection 2 of section 606 of the Civil Code, as the claim of the plaintiffs is unmistakably a joint claim. It is so stated to be in the petition although counsel for appellants here insist the claims of the plaintiffs are severable and that each therefore had the right to testify for the other.

The claim is that the decedent promised to devise the Cherokee Drive property to the plaintiffs, or failing in this, they were to have from his estate the proceeds of the sale of that property, and if this does not assert a joint interest in a single fund we cannot conceive how one could be asserted. The interests of all are so connected that all must succeed or fail together. The rule under such circumstances as approved by this court in Dunbar v. Meadows, 165 Ky. 275, is thus stated in 40 Cyc. 2334:

"A party cannot testify in favor of a coparty where the interest of the coparties are joint, and so connected that all must succeed or fail together; but one coparty may testify for another while their interest are several, and not joint, and are so distinct that the testimony of the witness in behalf of his coparty does not inure to his own benefit."

Not only was the testimony of the four plaintiffs incompetent for the reason above stated, but their testimony, as well as that of their brothers, was clearly inadmissible to contradict, add to or vary the written stipulations in the deed and release which they executed to

their father against any and all claims growing out of the settlement of their deceased mother's estate, the claim they are attempting to assert here being unquestionably a claim against their father growing out of that settlement.

The deed and settlement release are but different parts of one settlement and should be considered together. The deed recites that the various tracts of land therein conveyed are to be held in fee simple, free from any and all claims of the other parties to the deed, while the settlement paper signed by all of the parties, referring to the division of the real estate and personalty left by Fredrica Straeffer, deceased, recites "that said division has been made and money paid to Fredrica Straeffer as witnessed by deed to partition duly recorded in deed book No. ——, page ——. It has been agreed by each and all that said partition shall satisfy any and all claims that each may have upon the said George Straeffer, for their respective shares of the estate of said Fredrica Straeffer, decaesed."

The language is certain and plain in both the deed and the release, and there being no allegation of fraud or mistake in the execution of either, parol evidence is inadmissible to contradict or vary the terms of the settlement as expressed in the deed and release considered together. Hitt v. Holliday, 2 Litt. 335; Castleman v. Southern Mutual Life Ins. Co., 14 Bush 197; Levine v. Mitchell, 144 Ky. 380; Munford v. Green, 103 Ky. 140; Lanham v. L. & N. R. R. Co., 120 Ky. 351; Sacket v. Maggard, 142 Ky. 500; Culley v. Grubbs, 1 J. J. Mar. 387.

Wherefore the judgment is affirmed.