WEBSTER, next friend, *v.* DUNDEE MORTGAGE & TRUST CO.

1. Generally it is requisite that a judgment be entered upon a verdict in order that the principle of *res judicata* may apply and operate as a bar to a future action for the same cause. But where in the court below and in this court counsel on both sides have treated the verdict as serving the office of judgment as well as of verdict, any objection on account of the failure to enter up judgment may be considered as waived. This is so more especially where the record shows that by agreement at the time the verdict was rendered, indulgence upon it was to be granted, and that the indulgence stipulated for was in fact granted, and there is no suggestion that the verdict was ever set aside or modified, or that there was any order for an arrest of judgment.

2. Where husband and wife mortgaged premises, and after foreclosure and after the mortgage *fi. fa.* was levied the wife interposed a claim to the property, based on an alleged homestead right in behalf of herself and minor children, the adjudication of this claim against her will bar a subsequent claim interposed by her husband in behalf of the same beneficiaries and founded on the same homestead right. And if the husband's claim be founded on a homestead right asserted and established after the mortgage was executed, this new right is unavailable as against the mortgage, the note secured by the mortgage waiving homestead on its face and the mortgage itself waiving and renouncing the benefit of the exemptions provided for by law.

3. A verdict rendered by consent of parties and which covers the whole scope of the litigation is a verdict upon the merits, the consent acted upon by the jury being in the nature of an admission or concession by the losing party that the merits are in accordance with the verdict. The counsel representing a party litigant is competent to represent his client in agreeing to a consent verdict, although the client be a married woman, and the case be one in which a right of homestead is asserted but not proved.

November 20, 1893.                      *Judgment affirmed.*

Levy and claim.    Before Judge GAMBLE.    Washington superior court.    March term, 1893.

A mortgage *fi. fa.* in favor of the Dundee Mortgage & Trust Company against T. C. Webster and Mrs. M. A. Webster, was levied upon land which was claimed by Mrs. M. A. Webster as the homestead property of herself and her five minor children. This claim was dismissed on motion of claimant's counsel. A claim was again interposed by Mrs. Webster for herself and minor children, alleging that the property was their homestead property; and there was a verdict finding the property subject. Afterwards claim was interposed by G. W. Webster, husband of Mrs. M. A. Webster, as next friend of the same minor children, alleging that the property was homestead property set apart to Mrs. Webster and said minors. Upon the trial of this claim the property was found subject, and claimant's motion for new trial was overruled. The motion alleges that the verdict was contrary to law, evidence, etc.; and that the court erred

in ruling that the cause was *res adjudicata;* and in admitting in evidence the *fi. fa.,* in the absence of the necessary affidavit to subject homestead property.

Plaintiff introduced the mortgage, which was dated February 13, 1882, and was given by T. C. Webster and his wife and Mrs. M. A. Webster and her husband to plaintiff, and covered the land in question. Also, the *fi. fa.,* the first claim and order dismissing the same, and the second claim and verdict upon the same. Claimant testified, that when the levy was made Mrs. Webster interposed her claim which was afterwards withdrawn by consent; that afterwards, when the sheriff was proceeding to sell, she interposed another claim, and by consent of counsel a verdict was rendered against her, she not being present; that the consent whereby the verdict was obtained was not to enforce any judgment within four years; that afterwards he learned from counsel that claimant was only to have two years; that Mrs. Webster was in possession at the date of the mortgage; that the original homestead property has been sold for $1,000, and $800 of it was paid for the tract levied on and claimed, the balance of the money going to improve the place. Counsel for claimant in the second claim testified, that when the verdict was given in that case, over two years before, the merits of the case were not entered into, but the verdict was by consent without testimony; and that plaintiff's counsel agreed to stay execution for some time, but for how long he did not remember. It further appeared, that Mrs. Webster, as the head of a family composed of herself and three minor children, applied for a homestead and exemption, attaching to her petition schedules of what she alleged to be the property she desired set apart, being certain land and personalty, and the homestead was granted in June, 1869. Afterwards, upon petition of herself and her husband to the judge of the superior court, appointment

of guardian *ad 'litem* for the children, answer by him, etc., an order was passed in January, 1880, allowing sale by them of the homestead property, and reinvestment in the property levied upon. In December, 1892, Mrs. Webster, by her petition to the ordinary, alleged that she previously obtained a homestead and exemption; that her application therefor was incorrect as it stated that she was the head of a family, she being at the time a married woman; that her application was also defective because it failed to show that her husband had refused to apply for the homestead and exemption, and did not state that the property out of which the homestead and exemption was sought was his property; that both of these omissions were the truth of the case and should have been so stated. She prayed, that her original petition be so corrected and amended as to conform to law and the facts; that her amended petition, when allowed, should be in the place of her original petition, and be taken and allowed as a part of the proceedings to obtain the homestead and exemption set apart to her by the ordinary in June, 1869; and that the usual notice might issue and be published as required by law. Upon this petition the ordinary ordered that citation issue and be published as required by law, which was done; the form of notice being, that Mrs. Webster had applied to amend her original petition and the ordinary would pass upon the same on a day named. Upon the petition was indorsed, "Approved and ordered to record January 28, 1893," signed by the ordinary.

For the plaintiff its attorney testified: He did not consent to the withdrawal of the first claim, and objected to the withdrawal of the second claim. Claimants were not present at the trial of the second claim, and witness was ready with proof to condemn the property. Claimants' counsel proposed to witness to take verdict condemning the property, provided witness

would give two years to pay the debt. Witness consented, verdict was taken, and witness waited the two years before proceeding.

J. N. GILMORE and JORDAN & TYSON, by brief, for plaintiff in error.

EVANS & EVANS and HINES, SHUBRICK & FELDER, *contra*.