## 2047.   GOLDSMITH & COMPANY *v.* MARCUS & BROTHER.

1. While a written instrument, although not signed, will, if orally assented to by the parties, constitute the agreement, and its terms not be subject to be varied by parol evidence, still, to dispense with the signature of the party sought to be charged thereby, it must first be made to appear that the terms of the writing were understood and assented to as containing all of the stipulations of the contract.
2. The evidence in the present case authorized the conclusion that the defendant did not assent to the contract as written. In a case in which there is conflict as to whether an unsigned writing truly represents the agreement of the parties, parol evidence as to the terms and conditions of the alleged contract is properly admissible and may be considered, if it is found that the writing was not in fact assented to by one of them.
3. The evidence authorized the verdict rendered, and the assignments of error which were not abandoned on the argument were not of sufficient materiality to authorize the grant of a new trial.

Complaint; from city court of Atlanta—Judge Calhoun. July 10, 1909.

Argued November 18, 1909.—Decided July 5, 1910.

*Smith, Hastings & Ransom,* for plaintiffs.

*Walter W. Visanska,* for defendants.

RUSSELL, J. The plaintiffs in error brought a suit upon an open account against the defendants in error. The defendants admitted the purchase of the bill of goods sued on, but pleaded, that the goods were bought under a special parol contract, made with the plaintiffs at the time of the purchase; that they were bought by sample, upon the positive assurance of the seller that the goods to be shipped were to correspond with the samples; that the clothing in question was sold and purchased in separate lots, and that it was verbally agreed between the plaintiffs and the defendants that the defendants would have the right to retain all goods that came up to sample, and return those which did not come up to sample, provided they were returned in unbroken lots; that upon receipt of the goods certain lots were found not to come up to the samples; that in compliance with the agreement the defendants immediately returned to the plaintiffs, in unbroken lots, those that did not come up to the samples; and that the lots that did come up to the samples were retained by the defendants, and the amount due upon the lots so retained was tendered to the plaintiffs. The plaintiffs admitted the return of goods as claimed

54

by the defendants, in unbroken lots, and the tender of payment for the lots retained by the defendants, but denied that any such contract as that insisted upon by the defendants was made, insisting that the memorandum of the order taken by their salesman contained all of the agreements or undertakings of both parties.

The decision in the case really turns upon whether the memorandum order written by the salesman of Goldsmith & Co., the plaintiffs, should have been treated as a written contract, the terms of which would not be subject to be varied by parol evidence, although it was not signed by the defendants, who were sought to be charged thereby. The gravest exception among the numerous assignments of error in this case is that the judge erred in admitting parol evidence which was contradictory to the terms set out in the order prepared by Goldsmith's salesman. We think the judge ruled correctly. It is, of course, true that if the conduct of the parties shows that a particular writing was expressly adopted as their contract, signature thereto becomes unnecessary; for signature is merely evidence of assent. This rule is thus expressed by Wigmore: "If a single document is finally drawn up to replace them [the prior negotiations] and to embody their net effect, and is signed or otherwise adopted by the parties, this document will now alone represent the terms of the act." 4 Wig. Ev. 3409.

The doctrine that a signature is not essential to bring a contract within the parol-evidence rule is also stated in 17 Cyc. 600, and in 21 Am. & Eng. Enc. L. (2d ed.) 1119. In Farmer *v.* Gregory, 78 Ky. 475, the specific question was passed upon, and it was ruled that an unsigned contract which had been adopted by the parties could not be varied by parol testimony; and this case was cited with approval in Cohen *v.* Jackoboice, 101 Mich. 409 (59 N. W. 665); and there are a few other cases in which the same ruling has been made. In both of these cases, however, there was no dispute as to the fact that both parties expressly agreed to the terms of the unsigned writing, and treated it as the embodiment in writing of the conclusion of their negotiations. In the present case, however, it is not admitted that the parties agreed to the terms of the order, and certainly not admitted that the memorandum contained all of the material agreements, stipulations, and conditions of the contract of purchase. It does not bear on its face evidence that there were no other conditions which were not reduced to writing,

such as are adverted to in the case of *Imperial Portrait Co.* v. *Bryan,* 111 *Ga.* 99 (36 S. E. 291). As appears from the record, the copy handed to the defendants is not identical with the original, as produced by the plaintiffs.

For these reasons the trial judge was confronted with a case in which it was his duty first to pass upon the admissibility of the writing as evidence of the contract between the parties. Instead of admitting it as a contract, the effect of his rulings was to hold primarily (we think, correctly) that the paper in question was a mere sales memorandum, taken down by the seller for his own convenience, to which the buyer was no party. This placed upon the plaintiffs the burden of proving by parol that the defendants assented to the terms of the contract, and likewise permitted the defendants to deny that they assented. Under the ruling in *Delaware Insurance Co.* v. *Penn. Insurance Co.,* 126 *Ga.* 380 (55 S. E. 330), it is doubtful whether a paper which has not been signed by either party interested in the subject-matter can be held, in this State, to be such a writing as can not be explained or varied by parol. But even under the rule stated by Chief Justice Simmons in *Kidd* v. *Huff,* 105 *Ga.* 209 (31 S. E. 430), the trial judge was not required to exclude parol evidence as to the terms and conditions of the present contract of purchase, when it had not been shown that the terms of the writing were assented to by Marcus & Brother. "A written instrument, although not signed, will, if orally assented to by the parties, constitute the agreement. Such instrument, however, will not be admissible in evidence until it is shown prima facie that the terms were assented to." *Kidd* v. *Huff,* supra. The execution of a writing which has been signed must, except in certain instances, be proved; and proof of the signature supplies proof of assent to the terms of the instrument. Certainly proof of assent to a writing by which it is sought to bind one who has not even signed it should be express and manifest. If, in the present case, the trial judge had been satisfied, from the proof, that the writing submitted by the plaintiffs was expressly assented to by the defendants, as containing all of the terms of the contract, we might, perhaps, not be prepared to rule that he erred, but it is very plain, from the subsequent rulings of the judge, as well as from his charge, that he was not satisfied that the defendants assented to the written order, which

they had not signed; and we concur with him in this opinion: In any case where it is insisted that a writing which is not signed by the parties sought to be charged thereby does not embody the contract, and that it does not contain the stipulations and mutual agreements of the parties, it would seem to. be the correct rule to allow the jury to pass upon the issue, as the judge did in the present case.                                    *Judgment affirmed.*