## MOORE v. BUTLER.

BECK, P. J. 1. In the trial of an action of ejectment the record of a prior suit between the same parties, involving the question of title to ·the premises in dispute, was admissible ·in evidence, although the prior case did not proceed to verdict and judgment, but was settled between the parties, the following order having been taken in open court and signed by the judge: " By agreement of counsel for both plaintiff and defendant this case is hereby marked settled, the plaintiff to make deeds to the defendant to all the lands ·described south of the old McNair and Butler line, and the defendant to make deeds to the plaintiff to all the lands north of the old McNair and Butler line." While such a record and the order referred to was not admissible without· prima facie proof of the same having been first made, showing the consent of the parties to the order, nevertheless where it was admitted in evidence and in the course of the trial there was submitted proof showing that it was a consent order and made by agreement of the parties, this was sufficient, and the court did not err in overruling the motion to exclude the same. *Kidd* v. *Huff*, 105 *Ga.* 209 (31 S. E. 430).

(*a*) There was evidence of assent to the order referred to by both parties in open court.

2. One ground of the motion for a new trial complains of the admission in evidence of testimony consisting of answers by a designated witness to numerous questions, the questions and examination set forth in the ground referred to covering several pages. Some of the evidence thus adduced was not open to the objection made; and the evidence having been objected to as a whole, the order overruling such objection will not cause a reversal, although a part of the evidence was immaterial and irrelevant and of such a character that it should have been repelled had it been specifically objected to on the ground stated in the objections taken to the evidence as a whole.

3. The bill of exceptions recites that the court directed a verdict for the defendant, that the plaintiff made a motion for a new trial, which was overruled, and that he excepted. Other than the grounds dealt with in the foregoing headnotes, the only grounds of the motion for a new trial were as follows: " 1. Because the verdict is contrary to evidence and without evidence to support it. 2. Because the verdict is decidedly and strongly against the weight of the evidence. 3. Because the verdict is contrary to the law and the principles of justice and equity." *Held*: There being no assignment of error upon the direction of the verdict (the only assignment of error being upon the order of the court denying a new trial), the question as to whether or not the court erred in so directing a verdict is not presented for decision. *Stone* v. *Lumber Co.*, 145 *Ga.* 729 (89 S. E. 814).

*Judgment affirmed. All the Justices concur.*

No. 1730. MAY 11, 1920.

Ejectment. Before Judge Worrill. Decatur superior court. October 28, 1919.

*W. V. Custer,* for plaintiff.

*E. E. Cox, R. R. Terrell,* and *M. E. O'Neal,* for defendant.