SOLOMON *et al. v.* BATEMAN-FREEMAN COMPANY.

No. 7342. OCTOBER 3, 1930.

*D. L. Churchwell, J. P. Burnett,* and *W. H. Spillers,* for plaintiffs in error.

*Edward F. Taylor,* contra.

ATKINSON, J.   Bateman-Freeman Company filed a petition for injunction and other equitable relief against Steve M. Solomon Jr., as plaintiff in fi. fa., and J. R. Hicks, as sheriff, alleging that the defendants had caused a certain fi. fa. in favor of Solomon to be levied upon a certain automobile as the property of E. S. Stanley, and that the defendants were proceeding to advertise the property for sale, and that unless the sale was restrained the property would be sold and the plaintiff injured and damaged, etc.   It is further alleged in the petition that the plaintiff, in 1928, was the owner of a described automobile and sold the same to one E. S. Stanley and retained title to the property in writing, and that the retention-of-title note was duly recorded; that on the third day of November, 1928, Stanley offered to return the said automobile to the plaintiff, but the latter refused to accept the same; that there was a balance then due the vendor by the vendee, on the retention-of-title contract, of the sum of $500.83, and the value of the automobile at that time was not more than $375.   The vendor did agree, however, for Stanley to sell the automobile to one Rogers, with the understanding between the parties that Rogers would pay to the plaintiff company, the vendor, the sum of $375; which sum was paid, to be credited on the amount due petitioner by Stanley on the contract referred to.   This payment left a balance due plaintiff by Stanley.   It is alleged further that Rogers sold the automobile to a named motor company and the latter in turn sold to one B. C. Cotton; that plaintiff warranted the title to the automobile to Rogers and is liable to him and the subsequent vendees on its warranty of title.   The automobile was levied upon by the sheriff by virtue of a certain fi. fa. issued on a judgment obtained by Solomon against Stanley in May, 1928, for the sum of $475.75.   It is alleged that Stanley has no equity in the property; that Rogers agreed to pay to the plaintiff the amount of $375, which was the value of the automobile at the time Stanley sold it.

The defendants demurred to the petition on the ground that it states no cause of action, and that the petitioner had an adequate remedy at law.   The court overruled the demurrer, and the defendants excepted.

The court did not err in overruling the demurrer. Bateman-Freeman Co. had a retention-of-title contract, which was duly recorded. Stanley had no equity in the property, inasmuch as the value of the machine was less than the balance of the purchase-price remaining unpaid at the time of the levy. The judgment in favor of Solomon, upon which the fi. fa. was based, had been rendered prior to the conditional sale to Stanley. The retention-of-title contract had been duly recorded; but if it had not been recorded, Solomon, the plaintiff in fi. fa., would not have obtained a lien good as against plaintiff's claim for the unpaid purchase-money. *Condor* v. *Holleman*, 71 *Ga.* 93. The machine being of less value than the balance of the purchase-price due, Stanley had no equity or interest in the property which was leviable under the fi. fa. in favor of Solomon.

Nor is the contention meritorious, that petitioner had an adequate remedy at law. It had warranted the title to this machine, and because of that fact had such an interest as would entitle it to maintain a suit for injunction to protect it against any liability upon its warranty. It may be that the vendee of the automobile at the time of the levy could have filed a claim, but it does not appear that this had been done, and equity will ascertain and settle the rights of all the parties in this one proceeding.

*Judgment affirmed. All the Justices concur, except Gilbert and Hines, JJ., who dissent.*