# HOWELL *v.* HOWELL *et al.*

No. 12971. September 16, 1939.

804

*Erwin & Allen,* for plaintiff in error. *William Butt,* contra.

GRICE, Justice. The petition does not allege that Messrs. Craw-ford and Barnett were not attorneys at law employed to represent the complainants in the caveat to the return of the appraisers in the court of ordinary. The presumption is that the attorneys were duly authorized to represent in that matter the persons for whom they appeared. Code, § 9-604; *Bigham* v. *Kistler,* 114 *Ga.* 453 (40 S. E. 303), and cit.; *Edwards* v. *Wall,* 153 *Ga.* 776, 780 (113 S. E. 190), and cit. The allegation that "said attorneys acted un-der a misapprehension and without proper authority from these plaintiffs to appear there and represent them in making said pur-ported settlement" is not an averment that the attorneys did not represent them in the litigation which resulted in the consent judg-ment in the court of ordinary, but must be treated as an averment of plaintiffs' contention that counsel so representing them did not have authority to consent to the compromise judgment. See *El-liott* v. *Elliott,* 184 *Ga.* 417 (191 S. E. 465). There is no sug-gestion in the record of any fraud on the part of the attorneys. A judgment rendered with the consent of counsel is binding on the client, in the absence of fraud and collusion on the part of coun-sel with whose consent the judgment was entered. *Adkins* v. *Bryant,* 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. R. 211); *Brannan* v. *Mobley,* 169 *Ga.* 243 (150 S. E. 76); *Reece* v. *McCormack,* 188 *Ga.* 664, Code, § 9-605. It is not set out in the petition that the attorneys acted in violation of express instructions given to them by the clients, which fact was known to the adverse party or his attorney, as in *Davis* v. *First National Bank,* 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750). That the clients were not actually present in court when the judgment was entered, and knew nothing about it until later, is immaterial. *Webster* v. *Dun-dee Mortgage & Trust Co.,* 93 *Ga.* 278 (20 S. E. 310); *Taylor* v. *American Freehold Co.,* 106 *Ga.* 238, 248 (32 S. E. 153); *Stone Mountain Confederate Asso.* v. *Smith,* 170 *Ga.* 515 (153 S. E. 209). Upon application of the foregoing principles, the petition was subject to general demurrer, and should have been dismissed.

*Judgment reversed. All the Justices concur.*