29710, 29764. COMMERCIAL CREDIT CORPORATION *v.* CITIZENS & SOUTHERN NATIONAL BANK; and *vice versa.*

Decided November 21, 1942.

*Vance Dasher, Kennedy, McWhorter & Jenkins,* for plaintiff in error.

*Hinton Booth, Lee, Congdon & Fulcher,* contra.

MacIntyre, J. Grumbine, a merchant doing business as the Guyton Motor Company, in order to secure a debt executed to the Citizens & Southern Bank a bill of sale to the automobile in question. The paper was duly recorded. The bank knew Guyton was a dealer in automobiles and that the automobile would be sold in the regular course of trade. Thereafter Archer, a bona fide purchaser, bought the automobile from Grumbine in due course of trade, paid part of the purchase-price down and gave a conditional bill of sale to secure the balance. Grumbine transferred this conditional-sale contract to the Commercial Credit Corporation, on the same date, with notice that the car had been thus bought from Grumbine in due course of trade. The bank foreclosed its paper and levied on the automobile, which was in the possession of Archer. Archer filed a claim, on the trial of which the jury found against him. He moved for a new trial which was overruled "and

the case went no further." As to that claim the ruling became the law of the case, irrespective of what the law of the State might be. The Commercial Credit Corporation then filed a claim to the automobile; the bank filed a plea of res judicata, which the judge overruled; the case went to trial and the jury found in favor of the bank. The Commercial Credit Corporation excepted to the overruling of its motion for new trial, and the bank excepted by crossbill to the overruling of the plea of res judicata.

1. We will first take up the exception to the overruling of the plea of res judicata raised by the cross-bill. The Code, § 110-501, provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." The parties to the present claim case are unquestionably not the same parties who were before the court in the Archer claim case, and if the Commercial Credit Corporation was not a privy with Archer, within the meaning of the Code section quoted, the court did not err in overruling the plea. "Privity in estate denotes . . mutual or successive relation to the same right of property; identity of title to an estate." 50 C. J. 407, § 3. " 'The general meaning of privies includes those who claim under or in *right* of parties.' Lipscomb *v.* Postell, 38 Miss. 476, 490 (77 Am. D. 651)." *Blakewood* v. *Yellow Cab Co.,* 61 *Ga. App.* 149 (6 S. E. 2d, 126). "A privy in estate is a successor to the *same estate,* not to a different estate in the same property." *Poole* v. *Morris, 29 Ga.* 374, 382 (74 Am. D. 68). Thus, in the instant case, while there was a transmission of the title of Grumbine to the plaintiff in error, there was no transmission to it by Archer of his equitable title, and, in so far as the status of the Commercial Credit Corporation at the time of the former suit is concerned, it was in fact merely that of a creditor with security for debt, and so far as its interest in the claim of Archer was concerned, its legal status was that of an outsider, with no opportunity to offer evidence, to cross-examine the witnesses, or to appeal if dissatisfied with the judgment. *Blakewood* v. *Yellow Cab Co.,* supra. The merchant or seller, Grumbine, reserved the legal title to the automobile and transferred this title to the plaintiff in error. Archer, the innocent

purchaser of the automobile, had an equitable title only, and even after Grumbine transferred his legal title Archer still had his equitable title while the Commercial Credit Corporation had only the legal title. Hence, Archer and the Commercial Credit Corporation, while having different estates in the same property, the credit company was not the successor to the estate which Archer possessed when it obtained its legal title, and, hence, the credit company and Archer were not privies as to all matters put in issue. We think that the Archer claim case did not adjudicate the rights of the Commercial Credit Corporation, the claimant in the present case, and that the order of the judge overruling the plea of res judicata was not error. The assignment of error in the cross-bill is not meritorious.

2. We now come to the question raised by the main bill of exceptions—whether the evidence supported the verdict. It may be well to note that our Supreme Court has said that the objects of a mortgage and a bill of sale to personalty to secure a debt under the provisions of the Code, § 67-1401, are identical as to security for debt, and in the following language has stated how very similar they are in their nature: "There is a technical difference between a mortgage and a security deed or bill of sale as provided for in the above-quoted sections of the Code, that difference being that the mortgage does not convey title but 'is only security for a debt' [§§ 67-101, 67-103] or a lien [§ 67-1701], whereas a deed to secure debt does convey legal title to property for the purpose of affording security for a debt. In such instance the grantor retains the right of possession of the property and the right to redeem the legal title by paying the debt. . . The objects of a mortgage and security deed and a bill of sale to secure personalty under the provisions of the Code are identical——security for a debt. While recognizing the technical difference between a mortgage and security deed hereinbefore pointed out, this court has treated deeds to secure debts and bills of sale to secure debts as equitable mortgages." *Merchants & Mechanics Bank* v. *Beard,* 162 *Ga.* 446, 449 (134 S. E. 107). When a duly-recorded conditional contract of sale of an automobile is not made for the purpose of consumption or resale, and there is no actual fraud, the buyer, in the absence of any statute affecting the situation, can not, before the payment of the price, sell or incumber the machine in such manner as to defeat

the title of the original owner and seller, and under this rule the original seller may retake the machine, even from a purchaser for value without notice of the reservation of title. 7 Blash. Auto Law, 212, § 4572. See also *Solomon* v. *Bateman Freeman Co.*, 171 *Ga.* 266 (155 S. E. 6). There is an exception to this rule in Georgia where one sells goods on a contract of conditional sale to a person whom he knows is a dealer of articles of the character of the subject of the sale, or where the seller knows the property is to be resold by the buyer. In such a case the conditional seller can not assert his title as against an innocent party acquiring title from the buyer in the regular course of trade. If this were not so, one would not be entirely safe in buying a suit of clothes or a cooking stove out of the stock of goods of a merchant, in due course of trade, without going to the court-house and examining the records to see if a bill of sale to secure debt had been recorded against the merchandise by the factory who made it, or by some other person. *National City Bank* v. *Adams, 30 Ga. App.* 219 (117 S. E. 285) ; *Gernazian* v. *Harrison, 66 Ga. App.* 689 (19 S. E. 2d, 165) ; 7 Blash. Auto Law, 214. Manly *v.* Somers, 100 Vt. 292 (137 Atl. 336) ; Pacific Finance Corporation *v.* Hendley, 103 Cal. App. 335 (284 Pac. 736) ; O'Laughlin *v.* Erwin M. Jennings Co., 107 Conn. 365 (140 Atl. 758) ; Western States· Acceptance Corporation *v.* Bank of Italy, 104 Cal. App. 19 (285 Pac. 340, 88 A. L. R. 112) ; Trapani *v.* Universal Credit Corporation, 151 Kan. 715 (100 Pac. 2d, 735) ; Schoenfields Standard Furniture Co. *v.* Stoe, 175 Wash. 201 (27 Pac. 2d, 564). However, before the exception to the rule last above quoted can apply, the one assuming to occupy the relationship of buyer (vendee) from the owner must, in truth and in fact, be the buyer from the owner. Mere form will not be allowed to overshadow the substance, and hence, constructive sales and resales will be disregarded if, in fact, only the relation of debtor and creditor exists, with mere paper transfers of title for the purpose of securing the debt. "Paper transfers of title are of no consequence, where corresponding facts do not exist. Nor will apparent momentary ownership for the purpose of an instantaneous resale suffice, and constructive sales and resales will be disregarded, if in fact only the relation of debtor and creditor exists." 7 Blash. Auto Law, 215, § 4572.

In the instant case neither the Citizens & Southern Bank nor

the Commercial Credit Corporation was ever *in fact* a buyer of the automobile from an owner or any one else. They were in truth and *in fact only creditors,* seeking to secure the payment of their respective debts, the former by a bill of sale to secure debt and the latter by a conditional-sale contract to secure debt. The bill of sale to secure debt of the Citizens & Southern Bank had priority over the conditional-sale contract to secure debt of the Commercial Credit Corporation, the former being dated and duly recorded before the latter.

The judge did not err in overruling the motion for a new trial.

*Judgments affirmed. Broyles, C. J., and Gardner, J., concur.*