18774. GRAY *v.* TRUST COMPANY OF GEORGIA *et al.*, executors, *et al.*

ARGUED NOVEMBER 8, 1954—DECIDED JANUARY 10, 1955—REHEARING DENIED FEBRUARY 17, 1955.

*Thomas E. Moran, Frances G. Millican,* for plaintiff in error.

*Spalding, Sibley, Troutman & Kelley, James M. Sibley, Newell Edenfield, T. M. Smith, Troutman, Sams, Schroder & Lockerman,* contra.

CANDLER, Justice.   Walker Inman Gray, a resident of Fulton County, died leaving a will which he made on August 31, 1944, and in which Mrs. Blanche Carter Gray, his wife, and T. M. Smith and H. S. Russell were named executrix and executors. His will was duly probated, and the named executrix and executors qualified as such representatives of his estate.   By item 2 of his will, the testator gave his wife a life estate in his Cobb County lands, $25,000 in money, all of his war bonds, all farm tools, farm implements and farm machinery at his Cobb County farm, and all household furniture, kitchen utensils, silver, silverware, guns and fishing tackle, except one gun which was otherwise disposed of.   He also gave her the right to sell at public or private sale any of the property so bequeathed to her, and to use and consume the proceeds resulting from such sale if necessary for her support.   He also gave her $400 per month and provided for its payment to her monthly.   By item 3 of his will he gave each of his two daughters, children of a former marriage, $150 per month and provided for its payment to them monthly. By this item of his will he made provision for his grandchildren, who were then born and who might thereafter be born, effective after the death of each daughter.   On March 30, 1946, his widow, individually and as executrix, filed a petition in the Superior Court of Fulton County for construction of the testator's will, alleging that a controversy had arisen between her and the other two representatives as to the meaning of certain provisions of the will and the testator's intention respecting them.   In that proceeding she named as the defendants all who are defendants in this suit, except Trust Company of Georgia.   The defendants in that suit, including a guardian ad litem for two minors—the children of a daughter of the testator—responded to her petition and averred that there was a controversy between the executrix and the executors concerning the will, and that there was a necessity for its construction by the court.   During the pendency of that proceeding, Mrs. Gray, Smith and Russell as executors, the two daughters of the testator, and a guardian ad litem for the

two grandchildren of the testator entered into a written contract, subject to the court's approval insofar as it affected the rights of the minor beneficiaries of the testator's will, by the terms of which it was agreed that Mrs. Gray would consent for Trust Company of Georgia to hold and manage the $25,000 in money which the testator had bequeathed to her; also $5,588.93 as proceeds resulting from the sale of certain produce and livestock which belonged to and were on the testator's Cobb County farm at the time of his death; and also all war bonds which the testator owned at the time of his death. By the terms of the agreement, Mrs. Gray was to occupy the Cobb County lands and Trust Company of Georgia was to exercise certain supervisory control over them. As to the property turned over to it, Trust Company of Georgia was given broad powers for management, investment, and control thereof, and the agreement required it to pay Mrs. Gray from the property so turned over to it a minimum of $200 per month for and during the remainder of her life. The agreement recites that Trust Company of Georgia was better qualified to manage, control, and invest the property to be turned over to it, and that it would, for stated reasons, be advantageous both to Mrs. Gray and the remaindermen to have the company do so. By the agreement certain personal property of the estate was given and delivered to Mrs. Gray in fee as reimbursement for certain expenses she had incurred in the upkeep and repair of the Cobb County lands; and other personal property of the estate in which she had only a life estate was given and delivered to her absolutely. The agreement also provides for the payment of Mrs. Gray's funeral expenses out of the property turned over to Trust Company of Georgia, a charge not imposed upon it by the testator's will. The agreement contains a provision that it should, if approved by the court, be made a part of the decree in the proceeding which Mrs. Gray filed for construction of the testator's will, and that it would be, after approval by the court, irrevocable by the parties thereto. The agreement was approved by the court insofar as it affected the rights of the minor beneficiaries, and it was also made a part of the final decree which the court rendered in the construction proceeding on February 12, 1947, to which there was no exception. This litigation was instituted by Mrs. Gray on May 19,

1954. Her petition alleges that the defendant Trust Company of Georgia is illegally in possession of and illegally holding the property which was bequeathed to her by the testator's will and which was delivered to it under the provisions of the agreement of February 12, 1947, and pursuant to the decree of the same date. She alleged that the decree is null and void, since the court rendering it had no jurisdiction either of the parties or of the subject matter.

She prayed for the recovery of the property; that the decree of February 12, 1947, be vacated and set aside; and that she be granted general relief. The defendants demurred to the petition generally upon the ground that it failed to state a cause of action for any of the relief sought. It was also demurred to specially on several grounds. The petition was dismissed on general demurrer, and the exception is to that judgment.

The plaintiff alleges that she is sui juris and has been at all times since the death of her husband. In her petition she makes no attack upon the validity of the contract under which the defendant Trust Company of Georgia obtained and now holds possession of the property which she seeks to recover; and there is obviously no merit in the contention that the decree of February 12, 1947, is void for want of the court's jurisdiction to render it, either as to person or as to subject matter. Accordingly, the petition failed to state a cause of action for any of the relief sought, and it was, therefore, properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur, except Almand, J., who is disqualified.*