21272. GRAYSON v. GRAYSON *et al.*

134

ARGUED JUNE 12, 1961—DECIDED JULY 14, 1961.

*Joseph B. Bergen*, for plaintiff in error.

*Lewis, Wylly & Javetz*, contra.

MOBLEY, Justice. ■ The question presented by the plaintiff in error, that the order was not in such form as to constitute a valid judgment, is not material to a determination of the issue before us, because she is estopped by her conduct to question its validity.

"Parties to stipulations and agreements entered into in the course of judicial proceedings are estopped to take positions inconsistent therewith, in the absence of fraud or mistake." 31 C.J.S. 384, § 120. See also *Mehrtens v. Knight,* 29 Ga. App. 390 (115 SE 506).

"No litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake." *Don v. Don,* 162 Ga. 240 (1) (133 SE 242). See also *Jones v. Jones,* 209 Ga. 861 (2) (76 SE2d 801).

Where, as here, the parties reached an agreement on all questions at issue, which agreement was reduced to writing, was styled an "order," and recited that it was signed in open court by the judge, and was agreed to by counsel of the parties, and was unquestionably considered by all parties thereto, as well as the judge, to be an order of the court settling the questions involved, the parties consenting thereto will not be heard to question its validity on the ground that it did not contain formal words of adjudication such as "considered, ordered and adjudged" or "decreed," or other formal words indicating that it was the judgment of the court.

■ The plaintiff in error contends that she was entitled to dismiss her first suit and that such dismissal would not prejudice the defendant in error since he had failed to request affirm-

ative relief. This is the case, so the plaintiff in error contends, even though the defendant in error was awarded temporary custody of one of the children by the agreement referred to in division one.

In *Breeden v. Breeden*, 202 Ga. 740 (5) (44 SE2d 667), this court held that "where . . . the wife obtained an award of alimony for support of the child and the temporary custody of it by an order wherein jurisdiction was retained for further disposition of the child, and subsequently the court, on application of the father, entered an order awarding the custody of the child to him 'until the final determination of the case . . .' an entry by counsel, at the direction of the wife, of a dismissal on the original petition was ineffectual after the entry of judgment awarding the custody of the child to the father until a final hearing, and jurisdiction of the subject-matter and of the parties remained in the superior court. *Adams v. Carnes*, 111 Ga. 505, 507 (36 SE 587); *Black v. Black*, 165 Ga. 243 (2) (140 SE 364)."

We consider the ruling in the *Breeden* case to be sound and apply it to the case under consideration. Since the rights of the defendant in error regarding child custody had been temporarily adjudicated, a subsequent dismissal of the first suit by the plaintiff in error would have prejudiced those rights.

Consequently the trial court did not err in sustaining the motion of the defendant in error to dismiss the motion of the plaintiff in error for a second interlocutory hearing on the question of temporary alimony and child custody.

*Judgment affirmed. All the Justices concur.*