24925.   ALFORD et al. v. SMITH et al.

Submitted November 13, 1968—Decided November 21, 1968.

W. F. Blanks, Roy B. Friedin, for appellants.

Roy N. Cowart, William T. Roberts, George P. Wright, for appellees.

NICHOLS, Justice. "A judgment rendered with consent of counsel is binding on the client unless such consent was in violation of express directions given by the client to the attorney and known to the adverse party or his attorney, or unless there was otherwise fraud or collusion on the part of counsel so consenting, participated in by the adverse party or his attorney. *Reece v. McCormack*, 188 Ga. 665 (4 SE2d 575); *Howell v. Howell*, 188 Ga. 803 (4 SE2d 835); and cases cited in those decisions." *Petty v. Complete Auto Transit*, 215 Ga. 66 (1) (108 SE2d 697). The appellants' response to the request for an order authorizing the sale of the realty makes no contention that the consent judgment did not contain exactly what was agreed upon by the parties, but relies upon alleged "affirmations, declarations and statements" made prior to the time the consent decree was made and approved but not included therein. The appellants are bound by the consent decree and it cannot be said that the trial court was without jurisdiction of the persons or subject matter of the original petition so as to make such judgment void. Cf. *Gray v. Trust Co. of Ga.*, 211 Ga. 332 (85 SE2d 721). The trial court did not err in striking the appellants' motions and objections and ordering the sale of the real property in accordance with the terms of the consent decree. See also *Grayson v. Grayson*, 217 Ga. 133 (121 SE2d 34), as to consent decrees.

*Judgment affirmed. All the Justices concur.*