48195. BLAKELY et al. v. COUCH.

ARGUED MAY 8, 1973 — DECIDED SEPTEMBER 13, 1973.

*McCamy, Minor, Phillips & Tuggle, Joseph T. Tuggle, Jr., J. T. Fordham, Jones, Kemp & Osteen, Charles M. Jones, Miller, Beckmann & Simpson, A. Martin Kent,* for appellants.

*Mitchell, Mitchell, Coppedge & Boyett, William T. Boyett,* for appellee.

CLARK, Judge. Appellants' able attorneys ardently argue that a previous judgment rendered in the U. S. District Court for appellant Blakely against the employers of appellee Couch preclude Couch as plaintiff from proceeding against Blakely and

Blakely's employer in the instant suit in the state court. This contention is based upon those legal principles generally referred to as "estoppel by judgment" or "collateral estoppel" or "binding precedent."

Because of the frequency of cases of this nature resulting from a race by litigants for their preferred forum, be it state or federal, we relate the facts in detail.

A collision occurred between tractor-trailer-combines operated by Blakely, employee of Neely Produce, Inc., and by Couch, employee of National Truck Service, Inc. and Refrigerated Transport Company, Inc. Personal injuries were sustained by the respective employees. The first suit was filed by Couch against Blakely and Blakely's employer, Neely Produce, Inc., as co-defendants in the Superior Court of Whitfield County on July 26, 1971. Six weeks later, on September 13, 1971, Blakely filed his complaint in the U. S. District Court for the Northern District of Georgia, Rome Division, against Couch and Couch's employers, National Truck Service, Inc. and Refrigerated Transport Company, Inc., as co-defendants seeking damages of $500,000. Couch was voluntarily dismissed as a party defendant in the federal suit for lack of service upon him.

The federal court case came on for trial before the state court assignment and was concluded by a judgment for Blakely dated October 11, 1972. This judgment reads: "This action came on for trial before the Court and a jury, Honorable William C. O'Kelley, United States District Judge, presiding, and the issues having been duly tried and the jury having duly rendered its verdict, It is Ordered and Adjudged that the plaintiff, Harold E. Blakely, recover of the defendants, National Truck Service, Inc., and Refrigerated Transport Company, Inc., the sum of twenty-nine thousand and no/100 dollars ($29,000.00), together with interest thereon as provided by law, and his costs of action." (R. 64).

The following week a motion for summary judgment was filed in the state court action by Blakely and Neely Produce, Inc. asserting "that all issues raised in the above styled action have been duly adjudicated by a prior Federal court judgment; that plaintiff is estopped from further prosecution of the present action by said prior Federal court judgment based on the doctrine of res judicata and/or estoppel by judgment and that defendants are entitled to the judgment as a matter of law." (R. 28). In support thereof the federal court record is attached.

This attachment at pages 65 and 66 included the entries from

the U. S. District Court's civil docket which recite the history of all activities taken in that court. Pertinent to our decision in the case sub judice is the notation that none of the attorneys involved in the state court litigation represented any of the parties in the federal court. Even more relevant to our consideration are the two entries dated October 10 and 11. That for October 10 states: "Case announced settled." The item for the following day reads: "Trial: Case called for consent verdict to be entered by the jury; verbal stipulation of counsel to dismiss Couch as defendant; plaintiff's witnesses sworn; deposition of Noble L. Green read in part. Directed Verdict in favor of the plaintiff for $29,000 signed by jury. Judgment on Jury Verdict entered and filed ($29,000 for plaintiff with interest and costs); copies mailed to counsel."

This summary judgment motion based on the federal district court record was denied. Upon the trial judge granting the requisite immediate review certificate, this appeal followed.

1. The doctrine of res judicata is stated in Code § 110-501 to be that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." A plea of estoppel by judgment stems from the doctrine of res judicata and is available "when there has been a former adjudication of the same issues by the parties or their privies, even though the adjudication may not have been upon the same cause of action." *Smith v. Wood,* 115 Ga. App. 265 (1) (154 SE2d 646). As is stated by our court in that opinion such plea of estoppel by judgment is sometimes referred to as "collateral estoppel" or as "estoppel by a verdict."

The difference between the two pleas is explained in *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833). Headnote 2 of that decision quotes our codal definition of res judicata and then points out that there is "an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. [Cits.] Under both rules, in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part *on the merits* where under the pleadings they were

or could have been involved." (Emphasis supplied.) See also *Morris v. Ga. Power Co.,* 65 Ga. App. 180 (15 SE2d 730).

Since privity does exist in a master-servant situation appellants rely upon the authority of *Roadway Express v. McBroom,* 61 Ga. App. 223 (1) (6 SE2d 460), quoting "Where the liability, if any, of the master to a third person is purely derivative and dependent entirely upon the principle of respondeat superior, a judgment on the merits in favor of the agent or servant is res judicata in favor of the principal or master though he was not a party to the action. This rule is an exemplification of the broader rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from whom his liability is derived . . ." Since state court plaintiff Couch was the employee of the defendants against whom judgment was rendered in the federal court, appellants contend that judgment bars Couch here.

The fallacy in this argument lies in their failure to recognize the importance in *Roadway Express v. McBroom* of the phrase, "a judgment on the merits." In the case at bar the civil docket entries show that the judgment which on its face appears complete and the result of a contest was in truth rendered by consent and in conformity with an agreement for settlement. As is stated in Code § 110-503, "For the former judgment to be a bar, the merits of the case shall have been adjudicated." Such requirement involves a bona fide adversary trial.

Cognoscenti among trial lawyers recognize that a judgment rendered in conformance with an agreement to settle is not synonymous with a contested trial. Obviously, there has not been an adjudication upon the merits, despite the wording of the judgment. A party such as the plaintiff here should not be deprived of his day in court because other counsel and other parties with whom neither he nor his counsel have any say-so make a settlement which includes a consent judgment. They did this for their own purposes and for reasons having no relevancy to this plaintiff. It is true that he was originally named as a co-defendant with his employers but service was never made upon him in the federal forum. In fact, the docket entry recites a "verbal stipulation of counsel to dismiss Couch as defendant."

In our court we are reluctant to issue a mandate[1] saying "This is the law" without citing precedents. Our research has not

---

[1] We do not seek to exercise such power as possessed by Russian Czar Nicholas I, who upon signing a marriage annulment decree

developed any case on all fours. We submit, however, that there is an analogous situation presented by the same three judges (MacIntyre, Broyles and Guerry) who decided *Roadway Express v. McBroom*, 61 Ga. App. 223, supra, relied upon by appellants and reported in the same volume. We refer to *Blakewood v. Yellow Cab Co.*, 61 Ga. App. 149 (6 SE2d 126). There it was ruled that this privity rule did not apply where a judgment rendered in favor of a defendant in a suit for personal injuries brought by a wife and therefore did not prevent the husband from suing for medical bills etc. incurred by him for the treatment of her injuries sustained in the same unfortuitous occurrence. The motivating reason is succinctly stated thusly: ". . . because it is unjust to bind one by any proceeding in which he had no opportunity to make a defense, to offer evidence, to cross examine witnesses, or to appeal, if he was dissatisfied with the judgment." Hn. 3.

A similar situation exists in the area of tax law. There, we find that the Commissioner of Internal Revenue is not bound by the ruling of a state trial court in litigation to which he was not a party. Commr. of Int. Rev. v. Bosch's Estate, 387 U. S. 456 (87 SC 1776, 18 LE2d 886). The basis of refusal to place a judicial stamp upon a contractual settlement is the absence of the indicia of a genuinely adversary proceeding.

Our ruling here of course in no way limits the binding effect between the participating litigants · of consent verdicts and judgment based thereon. *Webster v. Dundee Mtg. &c. Co.*, 93 Ga. 278 (1) (20 SE 310); *Grayson v. Grayson*, 217 Ga. 133 (121 SE2d 34); *Alford v. Smith*, 224 Ga. 802 (164 SE2d 781).

2. We recognize the validity of the doctrine of "binding precedent" as stated in *Bray v. Westinghouse Electric Corp.*, 103 Ga. App. 783 (120 SE2d 628) and *Standard Oil Co. v. Harris*, 120 Ga. App. 768 (172 SE2d 344). Nevertheless, for the reasons presented in the foregoing division such doctrine should be applicable only where there has been a genuine determination by contest of the issues. A consent judgment rendered to conform with a settlement agreement without a party's participation would not come within this doctrine, there having been no judicial decision upon the merits in the absence of a true adversary proceeding.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

---

wrote upon the margin: "Henceforth this female shall be considered to be a virgin."

EVANS, Judge, concurring specially. The majority opinion holds that the former judgment is not binding upon the plaintiff in the present litigation, *because the former judgment did not result from an actual contested trial* in the United States Court, but resulted from an *agreement* between the parties. I do not find any support in law for this position. Whether the former judgment is the result of an agreement, or default, or consent, or contested trial, it is binding on the *parties and their privies.* Code § 110-501. See *Webster v. Dundee Mtg. &c. Co.,* 93 Ga. 278 (3) (20 SE 310); *Kidd v. Huff,* 105 Ga. 209 (1) (31 SE 430); *Moore v. Butler,* 150 Ga. 154 (1) (103 SE 154); *Alford v. Smith,* 224 Ga. 802 (164 SE2d 781). And, of course, it is binding both on parties and *privies. Smith v. Wood,* 115 Ga. App. 265, 266 (4b) (154 SE2d 646); *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (2, 3) (6 SE2d 126); Code §§ 3-607, 38-114, 38-623, 105-1805, 110-501.

It has been held, however, that where a husband or wife is injured as the result of a tort, neither is the privy of the other. The husband may file the first suit, and lose it; and the wife then may file suit and win it, the first judgment being no bar because husband and wife are not privies in such cases. See *Hare v. Southern R. Co.,* 61 Ga. App. 159 (6 SE2d 65); *Commercial Credit Corp. v. C. & S. Nat. Bank,* 68 Ga. App. 393, 394 (23 SE2d 198); *Morris v. Ga. Power Co.,* 65 Ga. App. 180 (1a) (15 SE2d 730); and *Harris Equip. Co. v. McGuigan,* 104 Ga. App. 612 (122 SE2d 286).

Of course, there is privity between employer and employee, master and servant, and principal and agent, because tortious conduct by the servant while in prosecution of the master's business renders the master liable; and if the wife should be agent of the husband in commission of tortious acts whereby another is injured, the husband would be liable. Code § 105-108.

But in the case sub judice there is another principle of law which enables the plaintiff to withstand the defense of former judgment. *Here, the plaintiff, Howard Edward Couch, filed the first suit* in Whitfield Superior Court, against *Harold Blakely* and Neely Produce Company, as defendants.

With a great show of speed, the defendant, Harold Blakely, filed an action in United States District Court against Howard Couch, National Truck Service, Inc., and Refrigerated Transport Company. Service was not perfected on Howard Edward Couch, and this resulted in his being dismissed from the Federal court action. But judgment was rendered *before the state court action was tried, in favor of Harold Blakely,* plaintiff, and against National

Truck Service, Inc. and Refrigerated Transport Company. Thus, Harold Blakely, who is defendant in the state court action, obtained a judgment in federal court against the trucking company employer of Howard Edward Couch.

Ordinarily, Harold Blakely, defendant in the case sub judice, would have the right to plead his judgment against the employer of Howard Edward Couch, National Truck Service, Inc., and Refrigerated Transport Company, Inc., in bar, as res judicata, because such judgment presumes that the negligence of the truck driver was adjudicated against Couch and in favor of Blakely. The privity between the employer, Refrigerated Transport Company, Inc., and its employee and driver of its truck, Couch, would ordinarily afford Blakely the privilege of pleading same in bar, even though Couch himself was never served and was dismissed from the federal suit.

But here *Couch sued Blakely first* and his state court suit was pending when Blakely rushed into federal court, and with more than "deliberate speed," obtained judgment before a trial was held as to the action pending in state court. Code § 3-607 provides that: "A former recovery or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction shall be a good cause of abatement." Also see *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612, 613 (122 SE2d 282).

It would have simplified this case if Couch could have gone into federal court and filed a plea of pending suit, which would have effectively prevented the obtaining of any judgment against him in the federal court action.

It may be thought that Couch should have gone into federal court with a plea of pending suit. But it must be remembered that Blakely did not afford him that right, in that Blakely failed to perfect service on Couch and dismissed him from the suit. Thus, Couch was not required or allowed to plead the pending suit as a bar to the federal court action.

I do not find any precedent on this question, that is, where suit is pending in a court of competent jurisdiction, and the defendant rushes into a federal court and files another suit and obtains judgment, and then pleads it in estoppel or bar of the *earlier suit which was pending against him when he filed the federal action.*

Counsel for defendant Blakely must be given credit for ingenuity in this attempt, including the failure to serve Couch, so it would be made certain that Couch could not come forth and plead the

*pending suit,* but still their efforts ought not to be allowed to succeed. I concur with the result reached by the majority opinion.