### A08A0344. WHITEHEAD v. PEAVY.
(662 SE2d 199)

ADAMS, Judge.

This appeal follows our grant of appellant James M. Whitehead's application for discretionary appeal seeking review of an order of the superior court finding that Whitehead, or the Social Security Administration on his behalf, had overpaid child support in the amount of $11,503.66 to appellee Lora Ann Peavy but that Whitehead was not entitled to be reimbursed for the overpaid amounts. We now reverse.

---

As is relevant here, the record shows that in October 2001 the parties consented to an order modifying Whitehead's child support obligation. Specifically, that order provided that Whitehead had experienced an increase in income and that his child support obligations to his then minor child, who resided with Peavy, would be increased from $163 per month to $726.07 per month. The order further provided that the Social Security Administration was to increase the support benefits payable for the support of the minor child beginning September 1, 2001, but

> [i]n the event that the Social Security Administration has not begun payments in the aforesaid increased amount to . . . Peavy, within sixty days of September 1, 2001, then . . . Whitehead, shall make his child support payments directly to [Peavy], and shall continue to pay the same directly until such time as the Social Security Administration begins to pay such child support, as increased. Plaintiff shall be entitled to credit for any and all amounts actually paid by the social security administration and shall be obligated to pay only the difference in such amount actually received by [Peavy] and the amount of child support actually due pursuant to the terms of this order. Furthermore, [Whitehead] shall pay all amounts which have accrued beginning with September 1, 2001, under this order. *[Whitehead] shall be entitled to reimbursement for any amounts so paid by him directly to [Peavy] when the Social Security Administration so pays such child support to [Peavy]. [Whitehead] shall be entitled to payment either directly by [Peavy], or upon her failure and refusal to do so, then he shall be entitled to be paid directly by the Social Security Administration.* To this effect, the Social Security Administration is authorized to pay such reimbursement to [Whitehead], upon being presented with bona fide proof of entitlement to such reimbursement.

(Emphasis supplied.)

Whitehead filed a petition for modification of custody in July 2002 based on the then 16-year-old child's election to live with him. Peavy answered, challenging the voluntariness of the child's election, and counterclaimed seeking to hold Whitehead in contempt for being in arrears in his child support payments as provided in the October 2001 order. The trial court subsequently entered another consent order dismissing the petition for modification of custody and continuing the contempt counterclaim to give the parties an opportunity to reach a settlement of the support issue. However, the

parties failed to reach a settlement, and the trial court subsequently entered the order that is the subject of the present appeal. In that order, the trial court determined that Peavy had received a total of $28,556.50 from Whitehead and the Social Security Administration as child support during the relevant time period and that the amount of child support that should have been paid to her during that time was $17,052.84. The trial court concluded that "[Whitehead's] overpayment entitles him to a judgment as a matter of law but [he] is not entitled to a refund of said overpayment." The trial court thus granted judgment for Whitehead against Peavy in the amount of zero dollars.

On appeal, Whitehead contends the trial court erred by finding that he was not entitled to reimbursement of the overpaid amounts since the October 2001 order was binding on the parties as to this issue. We agree. That order, which was entered with the consent of the parties, clearly and unambiguously provided that Whitehead was entitled to be reimbursed in the event that Peavy received payments from both Whitehead and the Social Security Administration resulting in an overpayment of child support as provided in the order. The October 2001 order has never been modified, vacated or set aside, see *Jarrett v. Jarrett*, 259 Ga. 560, 561 (1) (385 SE2d 279) (1989), and the trial court did not find it to be unenforceable for any reason.[1] Accordingly, we reverse the judgment of the trial court to the extent that it found that Whitehead was not entitled to reimbursement of the overpaid amounts.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 2, 2008.

*Johnny R. Pannell*, for appellant.
Lora A. Peavy, *pro se*.

---

[1] Peavy, appearing pro se, does not argue on appeal that the October 2001 order is unenforceable but urges instead that there was no overpayment of child support. However, the only documents concerning the trial court's calculations are attached to Peavy's brief and are not part of the record on appeal. We will thus confine ourselves to the issue of Whitehead's entitlement to reimbursement.