**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 4, 2021**

# In the Court of Appeals of Georgia

A20A2050. COUSIN v. TUBBS.                                    HO-069

HODGES, Judge.

In the second appearance of this domestic relations action in this Court, Herbert Cousin, Jr. now contends that the trial court erred in denying his request for reimbursement of certain child support payments made while the first appeal in this case was pending. Specifically, we are asked to determine whether a party may seek reimbursement or a credit against future obligations for child support overpayments once the original support order is vacated on appeal. In view of the parties' consent judgment, however, we do not reach this specific issue. Therefore, for the following reasons, we affirm.

In *Cousin v. Tubbs*, 353 Ga. App. 873 (840 SE2d 85) (2020) ("*Cousin I*"), we noted that

K. T. was born in November 2011 and has lived with Tubbs his entire life; the parties never married. In 2012, Cousin was ordered to pay $217 per month in child support, provide health insurance for K. T., and pay a portion of K. T.'s unreimbursed medical expenses. In June 2013, the parties agreed to a "Parenting Plan" that was memorialized in a court order. Under the Parenting Plan, Tubbs retained legal and primary physical custody of K. T., and Cousin was entitled to visitation every other weekend, as well as additional times during holidays and vacations.

. . .

[After several issues festered between the parties, including Cousin's failure to exercise visitation 128 times out of 140 opportunities and a failure to exercise visitation between July 2016 and March 2017,] Tubbs initiated this action by filing a petition to modify child support in March 2017. . . . Following a hearing, the trial court issued a "Final Order" in July 2018, in which it granted . . . Tubbs's request to modify child support by raising Cousin's obligation to $11,439 monthly,[1] based on

---

[1] The trial court "calculated Cousin's presumptive monthly child-support obligation to be $2,087.05. The court then concluded that a high-income deviation [was] in K. T.'s best interest in light of Cousin's high income and the disparity in the parties' incomes. . . . Ultimately, the court determined that an upward deviation of $9,352 monthly — for a total monthly obligation of $11,439 . . . — was in the best interest of K. T." *Cousin I*, 353 Ga. App. at 888 (3) (b).

2

a gross monthly income of over $60,000 (i.e., total income of $762,602.13 in 2017).[2]

Id. at 873-874. The trial court's July 2018 order provided, in part, that

[i]n the event of an appeal of this order, the provisions of this order shall constitute a new temporary order (superseding all prior temporary or final relief to the contrary) during the pendency of the appeal. This is to ensure that the child support obligation created herein shall remain in force and effect during any such appeal. Failure to comply with any such temporary order could subject the offending party to a finding of contempt of court. *Franklin v. Franklin*, 294 Ga. 204 [(751 SE2d 411)] (2013).

Following the denial of his motion for new trial, Cousin filed a notice of appeal from the July 2018 order on March 7, 2019.

During the pendency of Cousin's appeal, Tubbs filed three separate motions for contempt, alleging that Cousin failed to satisfy the child support payments required by the trial court's July 2018 order. In response, Cousin claimed that he was "financially unable to maintain the monthly child support obligation" because the trial court "imputed too much company income to him personally" and because he was

---

[2] In response to Tubbs's modification petition, Cousin raised several counterclaims which are not relevant to this appeal. Similarly, the trial court's rulings in other portions of its July 2018 order are not relevant to this appeal.

3

"the father to five (5) other minor children. . . ." Tubbs's multiple contempt petitions culminated in a consent judgment executed by the parties, and entered by the trial court, on February 14, 2020. The consent judgment provided, in its entirety:

> 1. The parties have agreed that [Cousin] has a current arrearage of . . . $82,273[.]
>
> 2. The parties have agreed that [Cousin] shall make an initial arrearage payment of . . . $40,000 on or before January 29, 2020 at 10:00 a.m. The parties have further agreed that [Cousin] shall pay the remaining arrearage balance of . . . $42,273 on or before April 28, 2020.
>
> 3. The parties have agreed that [Cousin] shall pay [Tubbs'] attorney's fees and expenses in the amount of . . . $4,137.90. [Cousin] shall pay said amount to [Tubbs] on or before April 28, 2020.
>
> 4. Nothing in this Order shall be construed to alter [Cousin]'s continuing Court Ordered child support obligation. [Cousin] shall continue to make child support payments to [Tubbs], as ordered.

In a February 26, 2020 opinion, this Court affirmed the trial court's July 2018 order in all respects save for the upward high-income deviation, which "appear[ed] to have a primary punitive purpose[.]" *Cousin I*, 353 Ga. App. at 887-891 (3) (b). As a result, we vacated that portion of the trial court's order and remanded the case to the

4

trial court for further proceedings. Id. at 891 (3) (b). The trial court filed the remittitur on March 19, 2020 and, the next day, entered an order imposing a new upward high-income deviation in the amount of $2,591, resulting in a total monthly child support obligation of $4,678.[3]

Thereafter, Cousin filed a "Certificate of Compliance with Child Support Obligation and Notice of Overpayment of Child Support" on March 30, 2020 in which he asserted that he overpaid Tubbs $111,742.57 during the pendency of the appeal in *Cousin I* and that the amount "should either be repaid . . . or applied towards [his] future child support obligation. . . ." Contemporaneously, Cousin filed a "Motion to Set Aside Consent Order," stating that the parties negotiated the consent judgment "in reliance on the July 11, 2018 Final Order, which, having been vacated, thus renders the Consent Order void." In the motion to set aside, Cousin again sought either reimbursement or credit against future payments.

The trial court disagreed, finding that "[a] temporary order is in effect during the pendency of [an] appeal and is enforceable up to the date of entry of the [remittitur], and only from that date forward does any permanent award have effect."

---

[3] The record does not demonstrate that Cousin appealed the trial court's revised upward high-income deviation.

As a result, the trial court concluded that Cousin was not entitled "to credit his future child support obligations with payments made under the temporary order" or "to a refund of the amounts paid under the temporary order." Similarly, the trial court observed that the consent judgment included "arrearage amounts incurred while the temporary order was in full force and effect" and that the temporary order was "enforceable until the entry of the [r]emittitur." Accordingly, the trial court denied Cousin's motion to set aside and request for reimbursement, but granted Cousin a certificate of immediate review. We granted Cousin's application for discretionary appeal, and this appeal followed.

1. First, Cousin asserts that the trial court erred in declining to reimburse him for overpayments made in reliance upon the trial court's July 2018 child support order, which this Court partially vacated on appeal.[4] We are not persuaded.

At the outset, we note that the amounts for which Cousin now seeks reimbursement were imposed by a consent judgment. See generally *Hurt v. Northwest Mortgage*, 260 Ga. App. 651, 656 (1) (c) (580 SE2d 580) (2003) (citing *Grayson v. Grayson*, 217 Ga. 133, 135 (1) (121 SE2d 34) (1961)) ("no litigant will be heard to

---

[4] Compare *Acevedo v. Kim*, 284 Ga. 629, 630 (1), n. 4 (669 SE2d 127) (2008) ("Acevedo does not seek a refund of the overpayments, given that the money was intended, and actually used, for the support of his two children.").

complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake") (punctuation omitted). Therefore, as a general matter, where, as here,

> no such complaint of fraud or mistake was made, and . . . where . . . the parties reached an agreement on all questions at issue, which agreement was reduced to writing, was styled an "order," and recited that it was signed . . . by the judge, and was agreed to by counsel of the parties, and was unquestionably considered by all parties thereto, as well as the judge, to be an order of the court settling the questions involved, the parties consenting thereto will not be heard to question its validity.

(Punctuation omitted.) Id. at 656-657 (1) (c). Accordingly, we find no reversible error in the trial court's denial of Cousin's request for reimbursement or for a credit against future obligations.[5]

---

[5] By nothing we have held here do we discourage parties from utilizing a consent judgment to resolve their differences in the spirit of compromise. To the contrary, we simply note that such agreements should be drafted with care to protect each parties' interests. See *Whitehead v. Peavy*, 291 Ga. App. 391, 393 (662 SE2d 199) (2008) (reversing trial court's order finding that party was not entitled to reimbursement where parties' consent judgment "clearly and unambiguously provided that Whitehead was entitled to be reimbursed in the event that Peavy received payments from both Whitehead and the Social Security Administration resulting in an overpayment of child support as provided in the [consent judgment]").

2. In his next enumeration of error, Cousin contends that the trial court erred in denying his motion to set aside the February 2020 consent judgment because the primary factor upon which the judgment was based — the July 2018 child support order — had been partially vacated. What follows in the argument section of his opening brief, however, is a general attack on the trial court's orders finding him in contempt of its July 2018 order. Specifically, Cousin argues that "[a]n order of contempt cannot be based on noncompliance with a void order" and that "[d]isobedience of a void mandate, order, or judgment is not contempt of court." None of these arguments were raised in the trial court, and "it is well established that this Court cannot hear arguments raised for the first time on appeal." (Citation and punctuation omitted.) *Saravia v. Mendoza*, 303 Ga. App. 758, 763 (3) (695 SE2d 47) (2010). Moreover, "[e]numerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration." (Citation and punctuation omitted.) *Thomas v. State*, 253 Ga. App. 58, 62 (3) (557 SE2d 483) (2001). Accordingly, this enumeration presents nothing for our review.[6]

---

[6] Despite Cousin's reliance upon OCGA § 9-12-16 in his opening brief, Cousin does not challenge jurisdiction and, in any event, we need not consider whether that statute provides Cousin with a basis for relief because he did not raise that argument in the trial court. See OCGA § 9-12-16 ("The judgment of a court having no jurisdiction of the person or the subject matter *or which is void for any other cause*

In sum, we find no reversible error in the trial court's order declining Cousin's request for a reimbursement of the child support payments made while his appeal to this Court was pending. Moreover, Cousin's briefing in this Court failed to support his argument to set aside the parties' consent judgment. Therefore, we affirm the trial court's order denying Cousin's request for reimbursement and motion to set aside the consent judgment.

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*

---

is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.") (emphasis supplied); *Saravia*, 303 Ga. App. at 763 (3).